Appeal from an order of Supreme Court, Monroe County (Siracuse, J.), entered March 6, 2003, which, inter alia, granted the cross motions of defendants Ogden Telephone Company and Rochester Gas and Electric Corporation for summary judgment dismissing the complaint against them.
It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this common-law negligence and Labor Law action seeking damages for injuries sustained by Johnathon Scott (plaintiff) when the ladder on which he was standing slipped, and he fell to the ground. At the time of the accident, plaintiff was attaching electrical cable to a utility pole jointly owned by defendants Ogden Telephone Company (Ogden) and Rochester Gas and Electric Corporation (RG&E). The ladder was placed against the utility pole but was not tied off at the top. The cable was owned by defendant Gateway Commons Development Corporation (Gateway), which hired defendant Crystal Construction Corporation (Crystal) to construct a car wash on its property. Crystal entered into a subcontract with plaintiffs employer for the electrical work.
*993 Supreme Court properly granted the cross motions of Ogden and RG&E for summary judgment dismissing the complaint against them. Plaintiffs conceded that the common-law negligence cause of action and Labor Law § 200 claim should be dismissed, and we conclude that the court properly dismissed the remaining claims against Ogden and RG&E, asserting the violation of Labor Law § 240 (1) and § 241 (6). The Labor Law § 240 (1) claim was properly dismissed because Ogden and RG&E “are not ‘owners’ of the . . . cable line being repaired or altered by plaintiff at the time of the accident . . . and did not otherwise act in the capacity of an owner” (Fuller v Niagara Mohawk Power Corp., 213 AD2d 986, 986-987 [1995], lv denied 86 NY2d 708 [1995]; see Bonghi v New York Tel. Co. [appeal No. 2], 277 AD2d 893 [2000], lv dismissed 96 NY2d 791 [2001]; Girty v Niagara Mohawk Power Corp., 262 AD2d 1012 [1999]; Ray v Niagara Mohawk Power Corp., 256 AD2d 1070 [1998]). The same analysis applies to the Labor Law § 241 (6) claim against Ogden and RG&E (see generally Gordon v Eastern Ry. Supply, 82 NY2d 555, 559-560 [1993]).
With respect to Gateway and Crystal (collectively, defendants), we conclude that the court properly denied plaintiffs’ motion for partial summary judgment on liability on the Labor Law § 240 (1) claim. Contrary to plaintiffs’ contention, a triable issue of fact exists concerning the applicability of the recalcitrant worker defense. We reject plaintiffs’ contention that defendants were precluded from relying upon that defense in opposition to plaintiffs’ motion based on their failure to plead that defense in their answers. “[A]n unpleaded affirmative defense may be invoked to defeat a motion for summary judgment” (Preferred Capital v PBK, Inc., 309 AD2d 1168, 1168 [2003]). On the merits, the recalcitrant worker defense “requires a showing that the injured worker refused to use the safety devices that were provided by the owner or employer” (Gordon v Eastern Ry. Supply, 82 NY2d 555, 563 [1993]; see Hagins v State of New York, 81 NY2d 921, 922-923 [1993]; Salotti v Wellco, Inc., 273 AD2d 862 [2000]). In this case, plaintiff testified that his supervisor set up the ladder and that plaintiff made sure that the ladder was tied off when he used it for the first time, but that his coworker must have untied the ladder before plaintiff used it at the time of the accident. However, according to the deposition testimony of plaintiffs supervisor and coworker and the reasonable inferences to be drawn therefrom, plaintiff set up the ladder but did not use the tie-off cord that was located next to the ladder, and plaintiff had refused to tie off ladders on previous occasions. Thus, we conclude that defendants thereby raised an issue of fact whether plaintiff deliberately refused to *994 tie off the ladder at the time of his accident (see Kulp v Gannett Co. [appeal No. 1], 259 AD2d 969 [1999]; cf. Kaffke v New York State Elec. & Gas Corp., 257 AD2d 840, 841 [1999]). Present-Pine, J.P, Hurlbutt, Kehoe, Lawton and Hayes, JJ.