ARTHUR SEEFELDT, Individually and as Executor of PHYLLIS M. SEEFELDT, Deceased, Respondent, v ALAN JOHNSON, M.D., Appellant, et al., Defendant. [787 NYS2d 594]—

Appeal from an order of the Supreme Court, Orleans County (James P. Punch, A.J.), entered March 23, 2004. The order denied the motion of defendant Alan Johnson, M.D. for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for decedent's personal injuries, emotional stress and pain, allegedly resulting from defendants' medical malpractice. Supreme Court properly denied the motion of Alan Johnson, M.D. (defendant) for summary judgment. The affidavit of defendant's medical expert, tendered with the initial motion papers, was insufficient to establish defendant's entitlement to judgment as a matter of law inasmuch as it only stated in a conclusory fashion that defendant's actions were in accordance with accepted medical standards. It was not until defendant submitted his reply papers that the expert "addressed the facts as contained in the medical record" (*Ritt v Lenox Hill Hosp.*, 182 AD2d 560, 561 [1992]). "[T]he function of a reply affidavit is to address arguments made in opposition to the position taken

by the movant and not to permit the movant to introduce new arguments in support of the motion . . . . If a movant, in preparation of a motion for summary judgment, cannot assemble sufficient proof to dispel all questions of material fact, the motion should simply not be submitted" (*id.* at 562; *see Azzopardi v American Blower Corp.*, 192 AD2d 453, 453-454 [1993]; *see also O'Neil v Holiday Health & Fitness Ctrs. of N.Y.*, 5 AD3d 1009, 1010 [2004]; *N.A.S. Partnership v Kligerman*, 271 AD2d 922, 923 [2000]; *Fischer v Weiland*, 241 AD2d 439 [1997]). Because the initial affidavit of defendant's expert was insufficient to establish entitlement to judgment as a matter of law, the burden never shifted to plaintiff to raise an issue of fact (*see Ritt*, 182 AD2d at 561-562). Present—Pine, J.P., Hurlbutt, Scudder, Gorski and Hayes, JJ.