# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1076

CA 15-00374

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

WILLIAM J. FAZEKAS AND ANGELA M. FAZEKAS,
PLAINTIFFS-APPELLANTS-RESPONDENTS,

V                                                           MEMORANDUM AND ORDER

TIME WARNER CABLE, INC.,
DEFENDANT-RESPONDENT-APPELLANT.

DREYER BOYAJIAN LLP, ALBANY (JOHN B. CASEY OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS-RESPONDENTS.

SCHMITT & LASCURETTES, LLC, UTICA (WILLIAM P. SCHMITT OF COUNSEL), FOR
DEFENDANT-RESPONDENT-APPELLANT.

---------------------------------------------------------------------------------------------------------

    Appeal and cross appeal from an order of the Supreme Court, Herkimer County (Norman I. Siegel, J.), entered November 3, 2014. The order denied the motion of plaintiffs for partial summary judgment, and denied in part the cross motion of defendant for summary judgment.

    It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

    Memorandum: Plaintiffs commenced this common-law negligence and Labor Law action seeking damages for injuries sustained by William J. Fazekas (plaintiff) when the ladder he was standing on slid on snow and ice where it had been placed, causing him to fall to the ground below. At the time of the accident, plaintiff was installing cable service on behalf of his employer, who was a subcontractor for defendant. Plaintiffs appeal and defendant cross-appeals from an order denying plaintiffs' motion for partial summary judgment on the issue of liability on the Labor Law § 240 (1) and § 241 (6) causes of action, and denying in part defendant's cross motion for summary judgment dismissing the complaint.

    Contrary to the contentions of the parties, we conclude that Supreme Court properly denied that part of plaintiffs' motion seeking partial summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action and that part of defendant's cross motion seeking summary judgment dismissing that cause of action. Liability under section 240 (1) "is contingent on a statutory violation and proximate cause" (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287). If both elements are established, "contributory negligence cannot defeat the plaintiff's claim" (*id.*). There can be no liability under Labor Law § 240 (1), however, "when there is no

violation and the worker's actions . . . are the 'sole proximate cause' of the accident" (*id.* at 290).  It is therefore "conceptually impossible for a statutory violation (which serves as a proximate cause for a plaintiff's injury) to occupy the same ground as a plaintiff's sole proximate cause for the injury.  Thus, if a statutory violation is a proximate cause of an injury, the plaintiff cannot be solely to blame for it.  Conversely, if the plaintiff is solely to blame for the injury, it necessarily means that there has been no statutory violation" (*id.*).

While we agree with plaintiffs that evidence that a ladder is "structurally sound and not defective is not relevant on the issue of whether it was properly placed" (*Whalen v ExxonMobil Oil Corp.*, 50 AD3d 1553, 1554 [internal quotation marks omitted]; *see Woods v Design Ctr., LLC*, 42 AD3d 876, 877; *Petit v Board of Educ. of W. Genesee Sch. Dist.*, 307 AD2d 749, 749-750), we conclude that there are triable issues of fact whether plaintiff's actions were the sole proximate cause of his injuries (*see Sistrunk v County of Onondaga*, 89 AD3d 1552, 1552; *Tronolone v Praxair, Inc.*, 22 AD3d 1031, 1033).  Although defendant also raises the issue whether plaintiff was a recalcitrant worker, "[t]he controlling question . . . is not whether plaintiff was 'recalcitrant,' but whether a jury could [find] that his own conduct . . . was the sole proximate cause of his accident" (*Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39-40).  We therefore address defendant's contention only in the context of sole proximate cause.

Where, as here, a ladder slips and falls, causing a worker to fall from an elevated work site, the worker may assert a prima facie violation of Labor Law § 240 (1) on the ground that the ladder was not so placed as to give proper protection (*see Kin v State of New York*, 101 AD3d 1606, 1607; *Morin v Machnick Bldrs.*, 4 AD3d 668, 670; *Dahl v Armor Bldg. Supply*, 280 AD2d 970, 971).  When the evidence establishes, however, that a "plaintiff had adequate safety devices available; that he [or she] knew both that they were available and that he [or she] was expected to use them; that he [or she] chose for no good reason not to do so; and that had he [or she] not made that choice he [or she] would not have been injured," there will be no liability under Labor Law § 240 (1) (*Cahill*, 4 NY3d at 40; *see Gordon v Eastern Ry. Supply*, 82 NY2d 555, 563; *Piotrowski v McGuire Manor, Inc.*, 117 AD3d 1390, 1390-1391; *cf. Evans v Syracuse Model Neighborhood Corp.*, 53 AD3d 1135, 1137).  In such circumstances, the worker's own conduct, rather than any violation of the Labor Law, is the sole proximate cause of the accident (*see Cahill*, 4 NY3d at 40).

In this case, we conclude that plaintiffs failed to meet their initial burden of establishing entitlement to partial summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action inasmuch as they submitted evidence raising a triable issue of fact whether plaintiff's conduct in "refusing to use available, safe and appropriate equipment" was the sole proximate cause of the accident (*Gordon*, 82 NY2d at 563; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Specifically, plaintiffs submitted deposition testimony from defendant's customer, who purportedly owned the

building on which plaintiff was working.  The owner testified that, on the day of the accident, he advised plaintiff that the ladder was not placed in a safe position.  The owner offered to retrieve safety equipment from his own truck that would help to remove ice from underneath the ladder and thereby stabilize the ladder.  Plaintiff, however, rejected that offer.  The owner also attempted to hold the ladder for plaintiff, but plaintiff again rejected the owner's assistance.

It is well settled that the failure to follow an instruction by an employer or owner to avoid unsafe practices does not constitute a refusal to use available, safe and appropriate equipment, and we therefore agree with plaintiffs that plaintiff's failure to follow the owner's instructions and advice does not preclude defendant's liability under Labor Law § 240 (1) (*see Miles v Great Lakes Cheese of N.Y., Inc.*, 103 AD3d 1165, 1167; *see also Luna v Zoological Socy. of Buffalo, Inc.*, 101 AD3d 1745, 1746; *see generally Gordon*, 82 NY2d at 563).  According to the deposition testimony of the owner "and the reasonable inferences to be drawn therefrom" (*Scott v Crystal Constr. Corp.*, 1 AD3d 992, 993), plaintiff had knowledge of and refused to use "available, safe and appropriate equipment" provided by the owner that would have helped stabilize the ladder to keep it from slipping (*Gordon*, 82 NY2d at 563).  Such evidence raises a triable issue of fact whether plaintiff's conduct was the sole proximate cause of his accident (*see Scott*, 1 AD3d at 993-994; *see also Andrews v Ryan Homes, Inc.*, 27 AD3d 1197, 1198).  Inasmuch as plaintiffs failed to meet their initial burden on that part of their motion seeking partial summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action, we do not consider defendant's submissions in opposition to the motion (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).  We nevertheless have examined defendant's submissions insofar as it cross-moved for summary judgment dismissing that cause of action.  We conclude that defendant failed to meet its initial burden on the cross motion because defendant failed to establish that plaintiff knew that he was expected to use "available, safe and appropriate equipment" offered to him by the owner and thus failed to establish that plaintiff "chose for no good reason not to" use the equipment (*Gordon*, 82 NY2d at 563; *see Cahill*, 4 NY3d at 40; *cf. Gallagher v New York Post*, 14 NY3d 83, 88; *Kin*, 101 AD3d at 1607-1608).  We therefore conclude that neither party has eliminated all issues of fact on their respective applications for summary relief on the Labor Law § 240 (1) cause of action.

Additionally, we agree with defendant that the court properly denied that part of plaintiff's motion seeking partial summary judgment on the issue of liability on the Labor Law § 241 (6) cause of action.  Even assuming, arguendo, that plaintiffs established that defendant violated certain Industrial Code regulations, any such violation "does not establish negligence as a matter of law but is merely some evidence to be considered on the question of a defendant's negligence" (*Puckett v County of Erie*, 262 AD2d 964, 965 [internal quotation marks omitted]; *see Rizzutto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 349; *Arenas v Bon-Ton Dept. Stores, Inc.*, 35 AD3d 1205, 1206).  Furthermore, where, as here, there is an issue of fact on

plaintiff's alleged comparative negligence, summary judgment to plaintiffs is inappropriate (*see Puckett*, 262 AD2d at 965). Finally, the court properly granted that part of defendant's motion for summary judgment seeking dismissal of the common-law negligence and Labor Law § 200 cause of action. "Defendant established that it did not supervise or control the work at issue, and plaintiff[s] failed to raise a triable issue of fact" (*Brunette v Time Warner Entertainment Co., L.P.*, 32 AD3d 1170, 1170).

Entered:  October 9, 2015                      Frances E. Cafarell
                                               Clerk of the Court