Weitzel v State of New York (2018 NY Slip Op 02946)





Weitzel v State of New York


2018 NY Slip Op 02946


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


286 CA 17-01601

[*1]DAVID W. WEITZEL, CLAIMANT-APPELLANT,
v
STATE OF NEW YORK, NEW YORK STATE THRUWAY AUTHORITY AND CANAL CORPORATION AND NEW YORK STATE DEPARTMENT OF TRANSPORTATION, DEFENDANTS-RESPONDENTS. (CLAIM NO. 121569.) 






LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR CLAIMANT-APPELLANT. 
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (RICHARD T. SARAF OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Court of Claims (J. David Sampson, J.), entered January 26, 2017. The order denied claimant's motion for partial summary judgment on the issue of liability with respect to the Labor Law § 240 (1) claim. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Claimant commenced this action seeking damages for injuries that he sustained as the result of a fall while he was sandblasting paint from the underside of the Route 179 overpass over the New York State Thruway. Defendants had engaged claimant's employer to sandblast and repaint the overpass. In order to perform the work, a truck known as a V-Deck was parked underneath the overpass. The truck had wings that fold out to provide a platform for the blasters, and aluminum scaffolding was erected on the wings of the truck. The scaffolding had no guardrail. Claimant was, however, provided with safety equipment, including a safety harness with a six-foot lanyard. While blasting one evening, plaintiff fell 15 feet to the pavement. His safety harness was not tied off.
Claimant contends that the Court of Claims erred in denying his motion for partial summary judgment on the issue of liability with respect to his Labor Law § 240 (1) claim. More particularly, he contends that the lack of guardrails alone warrants an award of summary judgment in his favor. We reject that contention. "All contractors and owners . . . who contract for but do not direct or control the work[] in the . . . repairing, altering, painting, [or] cleaning . . . of a building or structure shall furnish . . . for the performance of such labor . . . devices which shall be so constructed, placed and operated as to give [employees] proper protection" (id.). The statute imposes absolute liability on the contractor or owner, and such "liability is contingent on a statutory violation and proximate cause" (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287 [2003]). If the claimant establishes both of those elements, contributory negligence cannot defeat his or her claim (see id.; Fazekas v Time Warner Cable, Inc., 132 AD3d 1401, 1402 [4th Dept 2015]). The defendant may, however, defeat the claimant's entitlement to summary judgment by raising an issue of fact whether the claimant's own conduct was the sole proximate cause of the accident (see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39-40 [2004]; Fazekas, 132 AD3d at 1403).
We conclude that claimant failed to meet his initial burden on the motion because his own evidentiary submissions create an issue of fact whether his conduct was the sole proximate cause of the accident (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [*2][1985]). Contrary to claimant's contention, the decision of the Court of Appeals in Bland v Manocherian (66 NY2d 452 [1985]) does not require the presence of guardrails on scaffolding where another adequate safety device is made available (see id. at 461-462). In his deposition testimony, claimant acknowledged that he had a safety harness with a six-foot lanyard, that he had previously used it on the same job, and that he "probably" could have tied it off to the cross-bracing prior to his fall. Indeed, claimant correctly concedes on this appeal that there is an issue of fact whether adequate tie-off points were available. Furthermore, claimant testified that, if he had tied his six-foot lanyard off to the cross-bracing, he "wouldn't have fallen" 15 feet to the pavement. Thus, based on claimant's deposition testimony, a trier of fact could find that the safety harness was an adequate safety device, claimant knew that he was supposed to wear it while blasting, he removed it for no good reason, and he would not have been injured if he had not removed it (see Cahill, 4 NY3d at 40). "Those factual findings would lead to the conclusion that defendant[s have] no liability under Labor Law § 240 (1)," and the court therefore properly denied claimant's motion (id.).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court