Walkow v MJ Peterson/Tucker Homes, LLC (2020 NY Slip Op 04098)





Walkow v MJ Peterson/Tucker Homes, LLC


2020 NY Slip Op 04098


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1093 CA 18-02123

[*1]RICHARD WALKOW, PLAINTIFF-RESPONDENT,
v
MJ PETERSON/TUCKER HOMES, LLC, RGGT, LLC, AND SCOTT HAPEMAN, DOING BUSINESS AS HAPEMAN & SON, DEFENDANTS-APPELLANTS. 






KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (ANANT KISHORE OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
HIGGINS KANE LAW GROUP, P.C., BUFFALO (MICHAEL J. WILLETT OF COUNSEL), AND GIBSON, MCASKILL & CROSBY, LLP, FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered October 17, 2018. The order granted plaintiff's motion for partial summary judgment and denied defendants' cross motion for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is modified on the law by denying the motion and granting the cross motion in part and dismissing the common-law negligence and Labor Law § 200 claims against defendants MJ Peterson/Tucker Homes, LLC and RGGT, LLC and the Labor Law § 241 (6) claim insofar as it is based on the alleged violation of 12 NYCRR 23-1.7 (d); and 23-1.21 (b) (3) (iv); (4) (i), (iv), and (v) and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained when he fell from a roof in the course of his employment installing siding on a residential construction project. At the time of the accident, plaintiff was working on a second-story dormer, which was located above a porch. Two ladders had been set up on the porch roof to provide access to the second-story roof and dormer. In order to reach the front of the dormer, plaintiff, who was perched on one of the ladders, moved laterally from that ladder to the second ladder, which was positioned about two feet away. After successfully transferring to the second ladder, plaintiff started to ascend it. The second ladder "kicked out" from under him, causing him to fall to the ground. Plaintiff commenced this action, asserting claims for common-law negligence and violations of Labor Law §§ 200, 240 (1), and 241 (6), against defendants MJ Peterson/Tucker Homes, LLC (Tucker Homes), which was retained by the nonparty titleholders of the subject property to act as "project coordinator" for the construction project; RGGT, LLC (RGGT), the subcontractor that hired plaintiff's employer; and Scott Hapeman, doing business as Hapeman & Son (Hapeman), plaintiff's employer. Plaintiff thereafter moved for partial summary judgment with respect to liability on the Labor Law §§ 240 (1) and 241 (6) claims, and defendants cross-moved for summary judgment dismissing the complaint. Supreme Court granted the motion and denied the cross motion, and defendants now appeal.
Initially, we conclude that the court erred in granting the motion and denying the cross motion with respect to the Labor Law
§ 241 (6) claim to the extent it is predicated on alleged violations of 12 NYCRR 23-1.21 (b) (3) (iv) and 23-1.21 (b) (4) (i) because, as the court noted in its written decision, plaintiff withdrew that part of the section 241 (6) claim during oral argument before the motion court. We therefore modify the order accordingly.
With respect to the Labor Law § 200 and common-law negligence claims against Tucker Homes and RGGT, we conclude that defendants met their initial burden of establishing entitlement to judgment as a matter of law by submitting evidence that neither Tucker Homes nor RGGT had the authority to direct or control plaintiff's work on the site (see Fisher v WNY Bus Parts, Inc., 12 AD3d 1138, 1139-1140 [4th Dept 2004]; Kazmierczak v Town of Clarence, 286 AD2d 955, 956 [4th Dept 2001]), thereby shifting the burden to plaintiff to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Having submitted no evidence in opposition to that part of defendants' cross motion, plaintiff failed to meet that burden (see generally Sweney v County of Niagara, 122 AD3d 1432, 1434 [4th Dept 2014], lv denied 25 NY3d 907 [2015]). Plaintiff's general reference to the cross motion in the "[w]herefore" clause of his opposition was insufficient to raise an issue of fact because he never addressed the factual claims of defendants adduced on the cross motion with respect to the Labor Law § 200 and common-law negligence claims against Tucker Homes and RGGT (see generally Groff v Kaleida Health, 161 AD3d 1518, 1521 [4th Dept 2018]). The court thus erred in granting the motion and denying the cross motion with respect to the Labor Law § 200 and common-law negligence claims against Tucker Homes and RGGT, and we further modify the order accordingly.
We further conclude that the court erred in granting the motion and denying the cross motion with respect to the Labor Law § 241 (6) claim insofar as it is predicated on alleged violations of 12 NYCRR 23-1.7 (d) and 23-1.21 (b) (4) (iv) and (v), and we further modify the order accordingly. With respect to 12 NYCRR 23-1.7 (d), which provides that "[e]mployers shall not suffer or permit any employee to use . . . [an] elevated working surface which is in a slippery condition," we conclude that plaintiff did not meet his initial burden on the motion of showing that the regulation was violated because he made no specific arguments concerning that provision in his motion. In contrast, defendants met their initial burden on the cross motion of establishing that there was no evidence of a slippery condition at the work site at the time of the accident. Although plaintiff submitted in reply the affidavit of an expert who opined that the ladder was placed on a slippery surface because the composition of the roofing tiles resulted in a slippery condition, we conclude that the expert affidavit failed to raise a triable issue of fact with respect to the existence of a slippery condition within the meaning of that Industrial Code provision because the roofing tiles did not constitute a "foreign substance" like ice, snow, or grease that was not itself already a part of the roofing structure (12 NYCRR 23-1.7 [d]; see Rodriguez v Dormitory Auth. of the State of N.Y., 104 AD3d 529, 530 [1st Dept 2013]).
Plaintiff did not meet his initial burden on his motion with respect to the applicability of 12 NYCRR 23-1.21 (b) (4) (iv) and (v), which require a ladder to be secured against "side slip," because he never addressed them in his motion papers, and we may not consider his reply submissions to cure that deficiency (see Paul v Cooper, 45 AD3d 1485, 1486 [4th Dept 2007]; Seefeldt v Johnson, 13 AD3d 1203, 1203-1204 [4th Dept 2004]). Moreover, as plaintiff correctly concedes in his brief, 12 NYCRR 23-1.21 (b) (4) (iv) does not apply to the facts of this case because the ladder did not "side slip" but instead kicked straight out from under him (see Kwang Ho Kim v D & W Shin Realty Corp., 47 AD3d 616, 619 [2d Dept 2008]). Defendants met their initial burden on the cross motion of showing that 12 NYCRR 23-1.21 (b) (4) (v) was similarly inapplicable to the facts of the case (see Kwang Ho Kim, 47 AD3d at 619), and plaintiff did not raise a triable issue of fact in opposition (see Zuckerman, 49 NY2d at 562).
The court also erred in granting the motion with respect to the Labor Law § 241 (6) claim insofar as it is predicated on an alleged violation of 12 NYCRR 23-1.21 (b) (4) (ii), and we further modify the order accordingly. 12 NYCRR 23-1.21 (b) (4) (ii) requires that "[a]ll ladder footings shall be firm. Slippery surfaces . . . shall not be used as ladder footings." Plaintiff never addressed that provision in his motion, and we may not rely on his reply submissions to remedy that deficiency (see Paul, 45 AD3d at 1486; Seefeldt, 13 AD3d at 1203-1204). We reject defendants' further contention that the court erred in denying the cross motion with respect to that claim. Although defendants met their initial burden on the cross motion with respect to that Industrial Code provision, plaintiff's expert raised an issue of fact by averring that the roofing tiles constituted a slippery surface within the meaning of 12 NYCRR 23-1.21 (b) (4) (ii).
We reject defendants' contention that Tucker Homes was not an owner, general contractor or agent thereof and that the court thus erred in determining that Tucker Homes is subject to liability under the Labor Law (see generally Labor Law § 240 [1]). The court properly [*2]concluded that Tucker Homes was an owner under the Labor Law based on its equitable interest in the property (see Sweeting v Board of Coop. Educ. Servs., 83 AD2d 103, 113-114 [4th Dept 1981], lv denied 56 NY2d 503 [1982]). Although the term owner generally refers to the titleholder of the property, it may "also encompass[ ] one who has an interest in the property [and] . . . who contracted for or otherwise ha[d] the right to control the work" (Walp v ACTS Testing Labs., Inc./Div. of Bur. Veritas, 28 AD3d 1104, 1104-1105 [4th Dept 2006] [internal quotation marks omitted]; see Copertino v Ward, 100 AD2d 565, 566-567 [2d Dept 1984]). Here, Tucker Homes had an equitable interest in the property by virtue of provisions in its contract with the titleholders that permitted it to take possession of the deed and obtain legal title to the property if the titleholders did not pay for the home's construction. Moreover, Tucker Homes, as the only entity that had a contractual relationship with RGGT, was the only entity that could insist that RGGT adhere to safety practices and obtain insurance. The titleholders, by contrast, had no contractual relationship with RGGT and did not obtain any insurance on the project. Thus, the court properly concluded that Tucker Homes, "as the only party with [both] a property interest and the right to insist on safety practices," was an owner within the meaning of the Labor Law (Sweeting, 83 AD2d at 114).
Even if Tucker Homes was not an "owner" for purposes of the Labor Law, we conclude that the court properly determined that Tucker Homes was a general contractor based on its power to enforce safety standards and essentially select the responsible subcontractors to perform work on the project, such as RGGT (see Rauls v DirecTV, Inc., 113 AD3d 1097, 1098 [4th Dept 2014]). Plaintiff submitted evidence showing that Tucker Homes had a longstanding business relationship with RGGT, that Tucker Homes essentially selected RGGT as a subcontractor on behalf of the titleholders, and that the insurance obtained by RGGT was for the benefit of Tucker Homes, not the titleholders. That evidence is sufficient to meet plaintiff's burden of showing that Tucker Homes was the general contractor on the project, and Tucker Homes failed to raise a triable issue of fact in opposition with its self-serving statements denying that it was the general contractor (see Zuckerman, 49 NY2d at 562; Bouras v Corsell, 301 AD2d 426, 426 [1st Dept 2003]).
Plaintiff also met his burden of establishing that Tucker Homes was, at the very least, a statutory agent of the titleholders, and Tucker Homes did not raise a triable issue of fact in opposition (see generally Zuckerman, 49 NY2d at 562). Unrefuted evidence established that, under the terms of the subcontract, Tucker Homes had the power to supervise and control the work being done by RGGT at the time of the accident (see generally Walls v Turner Constr. Co., 4 NY3d 861, 863-864 [2005]). The titleholders did not have authority to control RGGT's work and relied on Tucker Homes to facilitate everything involved in building a house. Once Tucker Homes became the titleholders' agent, it did not escape liability by subcontracting with RGGT or because RGGT hired Hapeman (see Nascimento v Bridgehampton Constr. Corp., 86 AD3d 189, 195 [1st Dept 2011]).
We agree with defendants, however, that the court erred in granting plaintiff's motion with respect to the Labor Law § 240 (1) claim, and we further modify the order accordingly. Plaintiff failed to meet his initial burden on that part of the motion inasmuch as issues of fact exist whether plaintiff was the sole proximate cause of his accident (see Fazekas v Time Warner Cable, Inc., 132 AD3d 1401, 1403 [4th Dept 2015]). Here, plaintiff's submissions raised an issue of fact inasmuch as they included evidence that plaintiff "had adequate safety devices available; that he knew both that they were available and that he was expected to use them; that he chose for no good reason not to do so; and that had he not made that choice he would not have been injured" (Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 40 [2004]; see Fazekas, 132 AD3d at 1403).
All concur except Curran and Troutman, JJ., who dissent in part and vote to affirm in the following memorandum: We agree with the majority's disposition of the Labor Law §§ 200, 241 (6) and common-law negligence claims and join the Court's memorandum with respect thereto. We also agree with the majority's conclusion that defendant MJ Peterson/Tucker Homes, LLC is subject to liability under the Labor Law because it is an owner, general contractor or agent thereof (see generally Labor Law § 240 [1]). We respectfully disagree, however, with the majority's conclusion that there are issues of fact whether plaintiff's conduct was the sole proximate cause of the accident. We would therefore affirm Supreme Court's order insofar as it granted that part of plaintiff's motion seeking partial summary judgment on the issue of liability [*3]with respect to his section 240 (1) claim.
On the day in question, plaintiff and his employer were engaged in work on a second-story dormer. As relevant on appeal, the dormer was situated above a porch roof, and there were two ladders on the porch roof that could be used to reach the second-story roof and the dormer. Plaintiff was standing on the first ladder, which was situated about two feet to the left of the dormer, so he could retrieve from his employer a staple gun needed for his work on the front of the dormer. Plaintiff could not, however, reach the front of the dormer from the first ladder. He therefore moved laterally to the second ladder, which was approximately two feet to his right and closer to the front of the dormer. Plaintiff safely transferred to the second ladder, but as he started to ascend, the second ladder "kicked out" from its base, causing plaintiff to fall and sustain injury.
The majority concludes that plaintiff did not meet his initial burden on the motion with respect to the Labor Law § 240 (1) claim because his own submissions raised an issue of fact whether plaintiff's decision to move to the second ladder was the sole proximate cause of his injuries. The majority thus tacitly concludes that there is a question of fact whether the first ladder was an available safety device that plaintiff, for no good reason, chose not to use when he transferred to the indisputably unsafe second ladder to reach the front of the dormer (see generally Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 40 [2004]).
Contrary to the majority, we conclude that plaintiff met his initial burden on the motion and that his motion papers did not raise a triable question of material fact whether he was the sole proximate cause of the accident. Plaintiff established his entitlement to summary judgment on the Labor Law § 240 (1) claim through evidence that the second ladder, which slipped while he was using it, was not so placed as to provide him with proper protection (see generally Runner v New York Stock Exch., Inc., 13 NY3d 599, 604 [2009]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500-501 [1993]; Fazekas v Time Warner Cable, Inc., 132 AD3d 1401, 1403 [4th Dept 2015]).
Nothing in plaintiff's submissions supports the majority's conclusion that he was aware of an available safety device, suitable to perform his work, that he for no good reason chose not to use. Even assuming, arguendo, that plaintiff's employer told him not to use the second ladder, we note that the mere "failure to follow an instruction by an employer . . . to avoid unsafe practices does not constitute a refusal to use available, safe and appropriate equipment" (Fazekas, 132 AD3d at 1403-1404). Moreover, there was no evidence that plaintiff was directed to use only the first ladder and that he "deliberately refused" to do so (Baun v Project Orange Assoc., L.P., 26 AD3d 831, 835 [4th Dept 2006] [internal quotation marks omitted]; see Miles v Great Lakes Cheese of N.Y., Inc., 103 AD3d 1165, 1167 [4th Dept 2013]).
We also note plaintiff's unchallenged testimony that the first ladder was unsuitable for him to perform his work—i.e., to reach the part of the dormer he was working on—which necessitated his transfer to the second ladder. The first ladder's unsuitability to reach the dormer was confirmed by plaintiff's employer in his deposition testimony, which was attached to plaintiff's motion papers. The employer's subsequent averment, in an affidavit submitted in opposition to plaintiff's motion, that plaintiff could reach the dormer from the first ladder was plainly calculated to create a feigned issue of fact (see Saavedra v 89 Park Ave. LLC, 143 AD3d 615, 615 [1st Dept 2016]; Alati v Divin Bldrs., Inc., 137 AD3d 1577, 1579 [4th Dept 2016]). Moreover, we note that plaintiff cannot be the sole proximate cause of the accident based on his failure to reposition the first ladder to complete his work on the dormer safely (see Hernandez v Bethel United Methodist Church of N.Y., 49 AD3d 251, 253 [1st Dept 2008]; see generally Anderson v MSG Holdings, L.P., 146 AD3d 401, 403 [1st Dept 2017], lv dismissed 29 NY3d 1100 [2017]). Thus, because there was no evidence in plaintiff's submissions that the first ladder was suitable for plaintiff's work at the time he was injured, we would conclude that plaintiff's failure to use that device instead of the second ladder could not be the sole proximate cause of the accident (see Noor v City of New York, 130 AD3d 536, 539-540 [1st Dept 2015], lv dismissed 27 NY3d 975 [2016]; Auriemma v Biltmore Theatre, LLC, 82 AD3d 1, 11 [1st Dept 2011]).
Furthermore, we conclude that defendants did not raise a triable issue of fact in opposition with respect to sole proximate cause (see generally Blake v Neighborhood Hous. [*4]Servs. of N.Y. City, 1 NY3d 280, 287-290 [2003]). None of defendants' submissions established "that plaintiff knew that he was expected to use available, safe and appropriate equipment offered to him . . . and thus [defendants] failed to establish that plaintiff chose for no good reason not to use the equipment" (Fazekas, 132 AD3d at 1404 [internal quotation marks omitted]; see Gordon v Eastern Ry. Supply, 82 NY2d 555, 563 [1993]; Piotrowski v McGuire Manor, Inc., 117 AD3d 1390, 1390-1391 [4th Dept 2014]).
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court