Thomas v North Country Family Health Ctr., Inc. (2022 NY Slip Op 04836)

Thomas v North Country Family Health Ctr., Inc.

2022 NY Slip Op 04836

Decided on August 4, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND BANNISTER, JJ.

311 CA 21-01337

[*1]SCOTT THOMAS, PLAINTIFF-APPELLANT,
v
NORTH COUNTRY FAMILY HEALTH CENTER, INC. AND NORTH COUNTRY CHILDREN'S CLINIC, DEFENDANTS-RESPONDENTS. 

STANLEY LAW OFFICES, LLP, SYRACUSE (ANTHONY R. MARTOCCIA OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
SUGARMAN LAW FIRM, LLP, SYRACUSE (CORY J. SCHOONMAKER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Jefferson County (James P. McClusky, J.), entered August 31, 2021. The order, among other things, granted defendants' cross motion for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is modified on the law by denying the cross motion in part and reinstating the Labor Law § 240 (1) claim and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained when he fell from an A-frame ladder, which tipped over while he was carrying an approximately 90-pound piece of sheetrock that he was attempting to hand to a coworker who was operating a scissor lift. Plaintiff appeals from an order that denied his motion for partial summary judgment on his Labor Law § 240 (1) claim and granted defendants' cross motion seeking summary judgment dismissing the complaint.
We reject plaintiff's contention that Supreme Court erred in denying his motion. Plaintiff failed to meet his initial burden on the motion inasmuch as his own submissions in support thereof raise triable issues of material fact whether plaintiff's conduct was the sole proximate cause of the accident due to his failure "to use available, safe and appropriate equipment"—i.e., the scissor lift—at the time of the accident (Fazekas v Time Warner Cable, Inc., 132 AD3d 1401, 1403 [4th Dept 2015] [internal quotation marks omitted]; see Robinson v East Med. Ctr., LP, 6 NY3d 550, 554 [2006]; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Specifically, plaintiff submitted, inter alia, his deposition testimony wherein he acknowledged both that the scissor lift that was present on site was the proper means of lifting the sheetrock and that using a ladder to perform that task was unsafe (see Ward v Corning Painted Post Area Sch. Dist., 192 AD3d 1563, 1564 [4th Dept 2021]; Banks v LPCiminelli, Inc., 125 AD3d 1334, 1334-1335 [4th Dept 2015]). Additionally, plaintiff's submissions raise a question of fact whether plaintiff "chose for no good reason" to use the ladder instead of the scissor lift (Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 40 [2004]; cf. Schutt v Bookhagen, 186 AD3d 1027, 1028 [4th Dept 2020], appeal dismissed 36 NY3d 939 [2020]; see generally Robinson, 6 NY3d at 555). Inasmuch as plaintiff did not satisfy his initial burden on the motion, we need not consider the sufficiency of defendants' submissions in opposition thereto (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Scruton v Acro-Fab Ltd., 144 AD3d 1502, 1503 [4th Dept 2016]). Nonetheless, we have considered defendants' submissions with respect to plaintiff's contentions that the court erred in granting the cross motion with respect to the Labor Law §§ 240 (1) and 241 (6) claims. With respect to the Labor Law § 240 (1) claim, we conclude that [*2]defendants did not meet their initial burden of establishing as a matter of law that plaintiff was the sole proximate cause of the accident (see Fazekas, 132 AD3d at 1404). In particular, deposition testimony submitted by defendants established that the coworker, who was operating and standing in the scissor lift at the time of the accident, denied plaintiff's request for access to the device by refusing to reposition it to allow plaintiff to safely lift the sheetrock into place. We note that "[i]t is well established that there may be more than one proximate cause of an injury" (Doctor v Juliana, 277 AD2d 1013, 1014 [4th Dept 2000]), and that "[q]uestions concerning . . . proximate cause are generally questions for the jury" (Paul v Cooper, 45 AD3d 1485, 1487 [4th Dept 2007] [internal quotation marks omitted]; see Stern v Easter, 92 AD3d 1250, 1252 [4th Dept 2012], lv denied 19 NY3d 815 [2012]; see generally Piotrowski v McGuire Manor, Inc., 117 AD3d 1390, 1391-1392 [4th Dept 2014]).
Our dissenting colleague argues that the court properly concluded that, as a matter of law, plaintiff was the sole proximate cause of the accident because he chose to use the ladder instead of the scissor lift. The court's conclusion was based on plaintiff's deposition testimony admitting that use of the scissor lift was the proper and expected way to perform the task of lifting the sheetrock. We disagree with the dissent's conclusion. Although plaintiff testified that the scissor lift was the proper device to use for his work, that statement alone does not, under the unique circumstances of this case, establish that plaintiff knew that the scissor lift was "available" and "chose for no good reason" not to use it (Cahill, 4 NY3d at 40). Further, "[w]here causation is disputed, summary judgment is not appropriate unless only one conclusion may be drawn from the established facts" (Speller v Sears, Roebuck & Co., 100 NY2d 38, 44 [2003] [internal quotation marks omitted]) and, here, in light of the coworker's alleged conduct, the evidence is not conclusive about whether plaintiff chose to use the ladder over an "available" scissor lift for "no good reason."
As noted above, there are factual questions whether plaintiff's decision not to use the scissor lift was the result of the intransigence of the coworker operating the scissor lift at the time of the accident, who refused plaintiff's request to reposition that device to allow for the proper installation of the sheetrock. To the extent that the coworker's conduct—i.e., failing to reposition the scissor lift despite plaintiff's request—was a proximate cause of the accident, it would be conceptually impossible for plaintiff's own failure to use the scissor lift to be the sole proximate cause thereof (see generally Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290 [2003]; Fazekas, 132 AD3d at 1402). In other words, when plaintiff's conduct is viewed along with the coworker's conduct, it cannot be said as a matter of law that plaintiff was the sole proximate cause of the accident.
In light of the foregoing, plaintiff's reliance on case law holding that a worker is not the sole proximate cause of an accident where the worker acts at the direction or insistence of someone with supervisory authority over the worker is wholly immaterial to our resolution of this case, and we do not address it any further. The pertinent issue is not whether the coworker directed plaintiff to use the unsafe ladder, but rather whether the conduct of the coworker—who alone controlled the scissor lift—in refusing to reposition that safety device was a proximate cause of the accident. The questions of fact on that issue preclude a determination as a matter of law that plaintiff's decision to use the ladder was the sole proximate cause of the accident.
The logical result of the dissent's conclusion that "plaintiff cannot, as a matter of law, evade an adverse finding of sole proximate cause on summary judgment by attributing his conduct to the coworker," at least under the circumstances presented here, would be the effective resurrection of the long-discarded fellow worker rule (cf. Butler v Townsend, 126 NY 105, 111 [1891]; see generally Blake, 1 NY3d at 285-286; Buckley v City of New York, 56 NY2d 300, 304-305 [1982]), and is therefore contrary to the purpose of Labor Law § 240 (1), which "fix[es] ultimate responsibility for safety practices . . . where such responsibility actually belongs, on the owner and general contractor" (Haimes v New York Tel. Co., 46 NY2d 132, 136 [1978] [internal quotation marks omitted]; see Martin v Niagara Falls Bridge Commn., 162 AD3d 1604, 1605 [4th Dept 2018]). Burdening plaintiff with the consequences of the coworker's conduct for the purpose of determining that plaintiff is, as a matter of law, the sole proximate cause of the accident is contrary to the statute's purpose. Further, the dissent suggests that plaintiff, rather than using the ladder to lift the sheetrock, should have more vigorously protested the coworker's refusal to reposition the scissor lift or alerted his supervisor to the situation. We note, however, that plaintiff was under no "obligation to affirmatively request an adequate safety device" [*3](McEachern v Extell Dev. Co., 199 AD3d 464, 465 [1st Dept 2021]; see Greene v Raynors Lane Prop. LLC, 194 AD3d 520, 522 [1st Dept 2021]).
Consequently, we conclude that defendants failed to eliminate all issues of fact with respect to the Labor Law § 240 (1) claim, and thus the court erred in granting the cross motion with respect to that claim. We therefore modify the order accordingly.
Finally, we reject plaintiff's contention that the court erred in granting the cross motion with respect to the Labor Law § 241 (6) claim insofar as that claim was based upon violations of 12 NYCRR
23-1.21 (b) (4) (ii) and (e) (3). Pursuant to 12 NYCRR 23-1.21 (b) (4) (ii), "[s]lippery surfaces and insecure objects such as bricks and boxes shall not be used as ladder footings" and, pursuant to 12 NYCRR 23-1.21 (e) (3), "[s]tanding stepladders shall be used only on firm, level footings." Defendants satisfied their initial burden by submitting evidence establishing that neither provision is applicable to the facts of this case. Although those provisions are sufficiently specific to support a Labor Law § 241 (6) claim (see Losurdo v Skyline Assoc., L.P., 24 AD3d 1235, 1237 [4th Dept 2005]; Sprague v Peckham Materials Corp., 240 AD2d 392, 394 [2d Dept 1997]; see generally Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 504 [1993]), the deposition testimony relied on by defendants established that neither provision is applicable to this case because the accident did not occur due to the ladder's placement on an uneven or slippery surface (see Campos v 68 E. 86th St. Owners Corp., 117 AD3d 593, 594 [1st Dept 2014]; cf. Tuzzolino v Consolidated Edison Co. of N.Y., 160 AD3d 568, 569 [1st Dept 2018]). We further conclude that plaintiff did not raise a triable issue of material fact in opposition with respect to the applicability of either provision to the facts of this case (see generally Zuckerman, 49 NY2d at 562).
All concur except Peradotto, J., who dissents and votes to affirm in the following memorandum: I respectfully dissent because, in my view, the majority strains Labor Law § 240 (1) beyond what the legislature intended to accomplish and improperly penalizes owners and contractors for complying with the law.
Plaintiff and his fellow laborer, who were coworkers employed by the same contractor, had been working as a team throughout the day on a building owned and operated by defendants using the appropriate method for hanging heavy sheetrock at a height, with plaintiff standing on the ground and cutting pieces of sheetrock while the coworker used a provided scissor lift to raise the cut sheetrock from ground level and then access the elevated portions of a 20-foot wall where he would fasten the sheetrock in place. In the afternoon, however, the coworker asked, for the sake of convenience, that plaintiff climb a ladder and hand him a piece of sheetrock. Plaintiff, knowing that the method proposed by the coworker was inappropriate, nonetheless acquiesced to the request and attempted to carry a heavy piece of sheetrock up an A-frame ladder with one hand, at which point the ladder tipped over and plaintiff was injured in the resulting fall.
Plaintiff commenced this action asserting, inter alia, a claim for violation of Labor Law § 240 (1). Supreme Court denied plaintiff's motion for partial summary judgment on his Labor Law
§ 240 (1) claim and granted defendants' cross motion for summary judgment dismissing the complaint after determining, in relevant part, that defendants established as a matter of law that plaintiff was the sole proximate cause of the accident and plaintiff failed to raise a triable issue of fact. Unlike the majority, I would affirm the order in its entirety.
"Labor Law § 240 (1) imposes a nondelegable duty and absolute liability upon owners and contractors for failing to provide safety devices necessary for workers subjected to elevation-related risks in circumstances specified by the statute" (Soto v J. Crew Inc., 21 NY3d 562, 566 [2013]). "The statute is . . . designed to minimize injuries to [workers] by placing ultimate responsibility for safety practices on owners and contractors, rather than on the workers, who as a practical matter lack the means of protecting themselves from accidents" (Martinez v City of New York, 93 NY2d 322, 325 [1999]; see Zimmer v Chemung County Performing Arts, 65 NY2d 513, 520 [1985], rearg denied 65 NY2d 1054 [1985]). Stated differently, the legislature intended "to force owners and contractors to provide a safe workplace, under pain of damages" (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 286 [2003]). Thus, the statute " 'undoubtedly is to be construed as liberally as may be for the accomplishment of the [*4]purpose for which it was thus framed' " (id. at 292, quoting Quigley v Thatcher, 207 NY 66, 68 [1912]).
At the same time, however, "the language of Labor Law § 240 (1) 'must not be strained' to accomplish what the Legislature did not intend" (id., quoting Martinez, 93 NY2d at 326). Therefore, the statute imposes absolute liability upon owners and contractors only for a "breach of the statutory duty that proximately causes a plaintiff's injury" (Panek v County of Albany, 99 NY2d 452, 457 [2003]; see Barreto v Metropolitan Transp. Auth., 25 NY3d 426, 433 [2015], rearg denied 25 NY3d 1211 [2015]; Blake, 1 NY3d at 287). Consequently, "where a plaintiff's own actions are the sole proximate cause of the accident, there can be no liability" (Cahill v Triborough Bridge and Tunnel Auth., 4 NY3d 35, 39 [2004]; see Barreto, 25 NY3d at 433; Blake, 1 NY3d at 290).
It is thus well established that "[l]iability under section 240 (1) does not attach when the safety devices that plaintiff alleges were absent were readily available at the work site, albeit not in the immediate vicinity of the accident, and plaintiff knew he [or she] was expected to use them but for no good reason chose not to do so, causing an accident. In such cases, plaintiff's own negligence is the sole proximate cause of [the] injury" (Gallagher v New York Post, 14 NY3d 83, 88 [2010]). Stated in enumerated fashion, "[a] defendant has no liability under Labor Law § 240 (1) when plaintiffs: (1) 'had adequate safety devices available,' (2) 'knew both that' the safety devices 'were available and that [they were] expected to use them,' (3) 'chose for no good reason not to do so,' and (4) would not have been injured had they 'not made that choice' " (Biaca-Neto v Boston Rd. II Hous. Dev. Fund Corp., 34 NY3d 1166, 1167-1168 [2020], quoting Cahill, 4 NY3d at 40; see Gallagher, 14 NY3d at 88).
Here, as the court properly determined, defendants met their initial burden by establishing as a matter of law that plaintiff's conduct was the sole proximate cause of the accident, and plaintiff failed to raise a triable issue of fact. The deposition testimony of plaintiff, upon which defendants relied in support of their cross motion, established that the provided scissor lift was the appropriate safety device for performing the task of carrying the heavy sheetrock pieces to the elevated position for fastening and, indeed, that is precisely how plaintiff and the coworker had been installing the sheetrock all morning. According to plaintiff, having one person at ground level cutting the sheetrock with another person lowering the scissor lift to that level, having the sheetrock placed on the machine's bracket arms, and then raising the sheetrock to the elevated position before placing it against the wall for fastening was the proper way to install such sheetrock. Over the course of his long career in construction, plaintiff had followed that proper method "a thousand times." Plaintiff was also emphatic during his deposition that carrying a heavy piece of sheetrock up a ladder to hand that material to a person in an elevated scissor lift was an inappropriate method for performing the task.
Although they had performed the task in the proper manner all morning, the coworker asked plaintiff at one point in the afternoon to climb the ladder and hand him a piece of sheetrock for convenience so that the coworker did not have to maneuver the scissor lift from its location in a corner, a process that would have taken about four minutes. Plaintiff suggested that the coworker reposition and lower the scissor lift to follow the proper method but, after the coworker responded that using a ladder would be faster, plaintiff acquiesced to the request and, despite knowing that the method proposed by the coworker was inappropriate, attempted to carry an approximately
90-pound piece of sheetrock up the ladder with one hand, at which point the ladder tipped over and plaintiff was injured in the resulting fall. The evidence submitted by defendants therefore established as a matter of law that an adequate safety device in the form of a scissor lift was on the work site, that plaintiff knew through his training, prior practice, and common sense not to carry the sheetrock by hand up the ladder and that he was instead expected to use the provided scissor lift, and that plaintiff would not have been injured if he had chosen to use the adequate safety device rather than the inappropriate method (see generally Biaca-Neto, 34 NY3d at 1167-1168; Ward v Corning Painted Post Area Sch. Dist., 192 AD3d 1563, 1564 [4th Dept 2021]).
The question thus becomes whether the coworker's request and ostensible insistence on using the ladder to avoid having to reposition the scissor lift may appropriately be considered as raising a triable question of fact on the issues of whether the scissor lift was readily available and [*5]whether plaintiff chose for no good reason not to use that safety device. Initially on that question, I agree with the majority that plaintiff's reliance on case law standing for the proposition that a worker is not the sole proximate cause of an accident where the worker performs a task in a particular manner at the insistence or direction of his or her foreperson or supervisor is misplaced (cf. DeRose v Bloomingdale's Inc., 120 AD3d 41, 46-47 [1st Dept 2014]). That proposition is justified on the basis that, "[w]hen faced with an employer's instruction [or the demand of a person with supervisory authority] to use an inadequate device, many workers would be understandably reticent to object for fear of jeopardizing their employment and their livelihoods" (id. at 47; see e.g. Finocchi v Live Nation Inc., 204 AD3d 1432, 1434 [4th Dept 2022]; Gutierrez v 451 Lexington Realty LLC, 156 AD3d 418, 419 [1st Dept 2017]; Gove v Pavarini McGovern, LLC, 110 AD3d 601, 602-603 [1st Dept 2013]).
But, as the majority notes and the court correctly recognized, that principle does not apply here because the coworker was not a supervisor and had no supervisory authority. Plaintiff specifically testified that the coworker was not a supervisor and was, instead, a fellow laborer. Both plaintiff and the coworker testified that their supervisor, who was on-site during the job, was another person employed by the contractor. Plaintiff received his instruction and direction for his work from the supervisor. To the extent that plaintiff attempted to raise a triable issue of fact as to the coworker's supervisory authority through submission of papers in opposition to the cross motion asserting that "[s]upervision ha[d] not been established" and that the coworker "was a senior employee," the record is clear that plaintiff "merely raised [a] feigned issue[] of fact designed to avoid the consequences of [his] earlier deposition" (Mitthauer v T. Moriarty & Son, Inc., 69 AD3d 588, 589 [2d Dept 2010]).
Contrary to the majority's conclusion, however, plaintiff cannot, as a matter of law, evade an adverse finding of sole proximate cause on summary judgment by attributing his conduct to the coworker. Plaintiff's testimony unambiguously established that he knew that he was expected to use the provided scissor lift and that using a ladder to manually lift a heavy piece of sheetrock was an inappropriate method and would not be acceptable (cf. Biaca-Neto, 34 NY3d at 1167-1168). Given that using the provided scissor lift was the proper method for performing the task and plaintiff and the coworker had been appropriately following that method as a team throughout the day, plaintiff's " 'normal and logical response' " to the nonsupervisory request should have been to ask again and wait for the coworker to reposition and lower the scissor lift rather than to merely accede and join in the use of a known unsafe method for the sake of expediency (Montgomery v Federal Express Corp., 4 NY3d 805, 806 [2005]; see Robinson v East Med. Ctr., LP, 6 NY3d 550, 554-555 [2006]). While the majority is correct that a worker has no obligation to affirmatively request an adequate safety device where none has been provided by the owner or contractor (see McEachern v Extell Dev. Co., 199 AD3d 464, 465 [1st Dept 2021]; Greene v Raynors Lane Prop. LLC, 194 AD3d 520, 522 [1st Dept 2021]), the majority errs in suggesting that plaintiff had no obligation to wait until the coworker would free up the provided scissor lift for their continued collective use or to perhaps even speak with his supervisor about the situation instead of immediately opting to engage in an unacceptable method of work ostensibly to save time (cf. Robinson, 6 NY3d at 554-555; Montgomery, 4 NY3d at 806). Plaintiff's own negligent actions—choosing to perform the task by manually lifting the sheetrock on a ladder in a manner that he knew was inappropriate to accomplish the work, instead of using the provided scissor lift—"were, as a matter of law, the sole proximate cause of his injuries" (Robinson, 6 NY3d at 555; see Montgomery, 4 NY3d at 806).
The majority alleges, with much qualification, that the position taken by this dissent may result in the "effective" resurrection of the fellow servant rule. The majority is mistaken. As the foregoing discussion makes clear, I am not adopting the position that defendants may "escape liability by blaming [plaintiff's] coworker[]" (Blake, 1 NY3d at 285); rather, defendants are not liable under Labor Law
§ 240 (1) because "there is no evidence of violation and the proof reveals that . . . plaintiff's own negligence was the sole proximate cause of the accident" (id. at 290 [emphasis added]). Plaintiff was not injured by the coworker; he was injured as a result of his decision to carry a heavy piece of sheetrock up an A-frame ladder with one hand—a method he knew was unsafe and inappropriate—without waiting for the coworker to free up the provided scissor lift for use in the proper manner or speaking with the supervisor (see Robinson, 6 NY3d at 554-555). The majority's reference to the coworker's conduct as a proximate cause of the accident is thus incorrect not only on the facts but also on the law inasmuch as the majority's sole proximate [*6]cause analysis improperly substitutes the supposed negligence of the nonparty coworker for a statutory violation by defendants (cf. Blake, 1 NY3d at 290).
Ultimately, "[t]he point of Labor Law § 240 (1) is to compel contractors and owners to comply with the law, not to penalize them when they have done so" (id. at 286). Unfortunately, the latter is precisely what the majority's decision does and will allow. For the reasons set forth above, I cannot join in that endeavor.
Entered: August 4, 2022
Ann Dillon Flynn
Clerk of the Court