BILLY RUDOLPH, Appellant, v HOFSTRA UNIVERSITY, Respondent, and A.G. INTERIORS, UNLIMITED, INC., Defendant and Third-Party Plaintiff-Respondent. PABCO CONSTRUCTION CORPORATION, Third-Party Defendant-Respondent. [640 NYS2d 126]

681

The specific standards of conduct required by 12 NYCRR 23-1.24 allow the plaintiff's Labor Law § 241 (6) cause of action to withstand a motion for summary judgment *(see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494). The plaintiff's affidavit submitted in opposition to the cross motions for summary judgment raises a question of fact as to whether any of the safety devices required by the regulation were provided for his use.

However, the Labor Law § 200 cause of action asserted against the defendant Hofstra University was properly dismissed, as there was no showing that Hofstra University had any direction or control over the work giving rise to this accident *(see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876; *Simms v City of New York,* 221 AD2d 332; *Pazmino v Woodside Dev. Co.,* 212 AD2d 520; *Mamo v Rochester Gas & Elec. Corp.,* 209 AD2d 948; *Tambasco v Norton Co.,* 207 AD2d 618). Balletta, J. P., Joy, Krausman and Florio, JJ., concur.