■ Fisnik Metus, Respondent, v Ladies Mile Inc. et al., Defendants and Third-Party Plaintiffs-Appellants. Prestige Construction Services, Inc., Third-Party Defendant-Appellant-Respondent. [858 NYS2d 142]—

Order and judgment (one paper), Supreme Court, New York County (Rolando T. Acosta, J.), entered October 15, 2007, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) claim, denied the motions of defendants VJB Construction Corp. and Regional Scaffolding & Hoisting Co., Inc. and third-party defendant Prestige Construction Services, Inc. for summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence claims as against VJB and Regional, and denied VJB's and Regional's motion for summary judgment on their claims for contractual and common-law

indemnification against Prestige, unanimously affirmed, without costs.

As plaintiff handed a sheet of corrugated tin up to a coworker standing on top of a scaffold under construction, a beam (known as a "junior beam") on which the tin sheet was to be placed became dislodged, fell from the scaffold, and struck plaintiff in the face. Although there was conflicting testimony on whether the beam at issue should have been secured, that question of fact is immaterial in the circumstances of this case. It is uncontroverted that at the time the scaffold was being erected, the junior beam was simply not clamped to the header beam on which it rested. Thus, the junior beam, situated eight to nine feet above the ground, was a "falling object" for purposes of Labor Law § 240 (1) protection (*see Outar v City of New York*, 5 NY3d 731 [2005], *affg* 286 AD2d 671 [2001]; *Boyle v 42nd St. Dev. Project, Inc.*, 38 AD3d 404 [2007]; *see also Salinas v Barney Skanska Constr. Co.*, 2 AD3d 619, 621-622 [2003]). Similarly, it is beyond cavil that section 240 (1) protection applies not only to workers utilizing scaffold or hoisting devices in the performance of their work, but also to " 'the very same (and other) workers when they erect and demolish such devices' " (*Kyle v City of New York*, 268 AD2d 192, 197 [2000], *lv denied* 97 NY2d 608 [2002], quoting *Alderman v State of New York*, 139 Misc 2d 510, 515 [1988]).

Regional's and VJB's arguments that their responsibility for overseeing the work and for site safety supervision did not rise to the level necessary to support a Labor Law § 200 or common-law negligence claim is misplaced since these defendants were responsible for the design of the scaffold and the method of its construction (*see Griffin v New York City Tr. Auth.*, 16 AD3d 202, 202-203 [2005]).

In light of the unresolved liability issues, the court did not err in denying Regional's and VJB's motion for summary judgment on their claims for contractual and common-law indemnification against Prestige.

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Gonzalez, J.P., Catterson, McGuire and Moskowitz, JJ. [*See* 2007 NY Slip Op 33240(U).]