■ KAROL CZAJKOWSKI, Respondent, v CITY OF NEW YORK et al., Respondents. [2 NYS3d 900]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, J.), entered October 3, 2013, which granted plaintiff's motion for partial summary judgment on the issue of defendants' liability pursuant to Labor Law § 240 (1), and denied defendants' cross motion for summary judgment dismissing plaintiff's complaint, unanimously modified, on the law, to dismiss plaintiff's claims pursuant to Labor Law §§ 200 and 241 (6), and otherwise affirmed, without costs.

Plaintiff, following his supervisors' instructions, was using a sawzall to remove 10-foot high, 8- to 10-foot wide window frames by removing the bottom half first and then the top half. He was injured when the unsecured top half of the window he was removing fell out of the wall and crushed his hand. Based on the facts in the record, we conclude that the motion court properly granted plaintiff partial summary judgment on the issue of defendant's Labor Law § 240 (1) liability. The record reflects that plaintiff was not provided any safety device to brace or otherwise support the window while it was being removed in the manner that he was instructed (*see e.g. Metus v Ladies Mile Inc.*, 51 AD3d 537 [1st Dept 2008]).

The court erred, however, in not dismissing plaintiff's Labor Law § 200 and § 241 (6) claims. There is no evidence that de-

fendants controlled the means and methods of plaintiff's work to support section 200 liability, and the Industrial Code sections alleged by plaintiff in support of section 241 (6) liability are inapplicable to the instant action. Concur—Sweeny, J.P., Renwick, Saxe, Manzanet-Daniels and Gische, JJ.