■ Jozef Serowik et al., Respondents, v Leardon Boiler Works Inc. et al., Appellants-Respondents/Third-Party Plaintiffs-Appellants-Respondents. GDT Associates, Inc., Third-Party Defendant-Respondent-Appellant. [11 NYS3d 128]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered August 23, 2013, which granted plaintiff Jozef Serowik's motion for partial summary judgment on liability on his claim pursuant to Labor Law § 240 (1), denied defendants/third-party plaintiffs' motion for summary judgment dismissing the complaint, and on their third-party claims for common law indemnification and contribution, and denied third-party defendant GDT Associates, Inc.'s (GDT) motion for summary judgment dismissing plaintiff's Labor Law §§ 240 (1) and 241 (6) claims, unanimously modified, on the law, defendants/third-party plaintiffs' motion granted to the extent of dismissing the common law negligence and Labor Law § 200 claims and awarding them conditional summary judgment on their third-party claim for common law indemnification, and otherwise affirmed, without costs.

Plaintiff, an employee of GDT, was injured while helping to lower a tank weighing at least four to five hundred pounds down a flight of stairs. The tank was attached to one end of the rope, and plaintiff and four others held the rope near the other end, to act as counterweights slowing the tank's descent. However, when the tank was pushed over the edge of the top step, plaintiff was pulled forward into a pipe around which the rope was wrapped, resulting in the rope severing his index finger and part of his middle finger, a grave injury pursuant to Workers' Compensation Law § 11.

Plaintiff's injury was due to the application of gravity to the tank, and the elevation differential was not de minimis given the weight of the tank, which generated sufficient force to pull plaintiff into the pipe and cause injury (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 605 [2009]). Even if he had wrapped the rope around his arm, such action was not the sole proximate cause of his accident, as plaintiff was not provided with adequate safety devices. In addition, plaintiff's work was

a necessary step in the installation of the tank in the building, constituting alterations or other activities protected by Labor Law § 240 (1) (*see Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 882-883 [2003]). Accordingly, the motion court correctly granted plaintiff summary judgment as to liability on his claim under section 240 (1).

Contrary to defendants/third-party plaintiffs' argument that defendant Leardon Boiler Works, Inc. (Leardon) was not a general contractor that may be liable under the Labor Law, Leardon contracted with defendant owner 125 East 84th Street Corporation to install a new boiler system at the premises, and may be held liable under the Labor Law as the agent of the owner for injuries arising from work within the scope of its contract (*Russin v Louis N. Picciano & Son*, 54 NY2d 311, 318 [1981]).

To the extent the motion court denied defendants/third-party plaintiffs' cross motion for failure to annex copies of the pleadings, it erred since the moving papers were "sufficiently complete" inasmuch as copies of the pleadings had been submitted by plaintiff and GDT (*Washington Realty Owners, LLC v 260 Wash. St., LLC*, 105 AD3d 675, 675 [1st Dept 2013] [internal quotation marks omitted]). Because defendants/third-party plaintiffs did not supervise or control plaintiff's work, they are entitled to dismissal of plaintiff's Labor Law § 200 and common law negligence claims (*Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc.*, 104 AD3d 446, 449 [1st Dept 2013]). They are also entitled to common law indemnification on their third-party claims for the same reason. Concur—Friedman, J.P., Acosta, Moskowitz, Richter and Feinman, JJ.