■ WILFREDO RAMOS, Respondent, v PENN TOWER, LLC, et al., Appellants, et al., Defendant. [25 NYS3d 348]—

In an action to recover damages for personal injuries, the defendants Penn Tower, LLC, Epoca, Ele Kauderer, doing business as Epoca, and Il Campanello Ristorante, Inc., doing business as Epoca Restaurant, appeal from an order of the Supreme Court, Kings County (Bunyan, J.), dated May 28, 2014, which granted the plaintiff's motion for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241 (6) as was predicated upon 12 NYCRR 23-1.8 (a) insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241 (6) as was predicated upon 12 NYCRR 23-1.8 (a) insofar as asserted against Penn Tower, LLC, Epoca, Ele Kauderer, doing business as Epoca, and Il Campanello Ristorante, Inc., doing business as Epoca Restaurant, is denied.

The plaintiff was working at premises owned by the defendant Penn Tower, LLC, and leased by the defendants Epoca and Il Campanello Ristorante, Inc., doing business as Epoca Restaurant. The plaintiff allegedly was injured injury when, while using a table saw to cut wood, a piece of the wood flew back and hit his right eye.

The plaintiff commenced this action against, among others, Penn Tower, LLC, Epoca, Ele Kauderer, doing business as Epoca, and Il Campanello Ristorante, Inc., doing business as Epoca Restaurant (hereinafter collectively the defendants), alleging, inter alia, a violation of Labor Law § 241 (6). As relevant to this appeal, the plaintiff alleged that he was not provided with adequate eye protection while he was using the saw. The plaintiff moved for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241 (6) as was predicated upon 12 NYCRR 23-1.8 (a) insofar as asserted against the defendants. The Supreme Court granted the plaintiff's motion. The defendants appeal.

The Supreme Court erred in granting the plaintiff's motion for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241 (6) as was predicated upon 12 NYCRR 23-1.8 (a) insofar as asserted against the defendants. The plaintiff's submissions failed to eliminate triable issues of fact as to whether adequate eye protection was provided to him on the date of the accident (*see Montenegro v P12, LLC*, 130 AD3d 695, 696 [2015]; *Macutek v Lansing*, 226 AD2d 964, 965 [1996]; *Rudolph v Hofstra Univ.*, 225 AD2d 680, 681 [1996]). Although the plaintiff submitted a transcript of his own deposition testimony, wherein he testified that "there was nothing" to protect his eyes, the plaintiff also submitted a transcript of the deposition testimony of a witness who visited the property where the plaintiff's accident occurred on the same day as the accident. Viewing the evidence in the light most favorable to the defendants, and resolving all reasonable inferences in the defendants' favor, the witness's deposition testimony revealed a factual dispute as to whether safety goggles were available for the plaintiff to use at the time of his accident (*see generally Adams v Bruno*, 124 AD3d 566, 567 [2015]; *Johnson v Culinary Inst. of Am.*, 95 AD3d 1077, 1079 [2012]; *Brown v Outback Steakhouse*, 39 AD3d 450, 451 [2007]). There are also questions of fact as to the plaintiff's comparative fault, if any (*see Hricus v Aurora Contrs., Inc.*, 63 AD3d 1004 [2009]; *Lorefice v Reckson Operating Partnership*, 269 AD2d 572, 573 [2000]; *Drago v New York City Tr. Auth.*, 227 AD2d 372, 373 [1996]).

The plaintiff's failure to demonstrate his prima facie entitlement to judgment as a matter of law required the denial of his motion, regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Rivera, J.P., Sgroi, Miller and Hinds-Radix, JJ., concur.