■ PEDRO GUTIERREZ, Appellant, v 451 LEXINGTON REALTY LLC et al., Respondents. 451 LEXINGTON REALTY LLC et al., Third-Party Plaintiffs-Respondents, v VORTEX ELECTRIC CO. INC. et al., Third-Party Defendants-Respondents. [66 NYS3d 463]—

Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered on or about March 2, 2017, which denied plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240 (1) claim, unanimously reversed, on the law, without costs, and the motion granted.

Plaintiff established entitlement to judgment as a matter of law on the issue of liability where he was injured during the course of his employment when a reel of electrical wire weighing 500 to 1,000 pounds fell and struck his foot. Workers were rolling the reel up two wooden planks for loading onto a van when it fell, and although there are questions as to whether plaintiff was actually involved in moving the reel, plaintiff demonstrated that he sustained injuries from the falling reel due to absence of an adequate safety device (*see Runner v New York Stock Exch., Inc.*, 13 NY3d 599 [2009]; *Aramburu v Midtown W. B, LLC*, 126 AD3d 498 [1st Dept 2015]).

Defendants and third-party defendants (collectively defendants) fail to raise a triable issue of fact. They contend that issues exist as to whether a forklift was available onsite, and whether plaintiff was a recalcitrant worker for failing to use it despite being aware of it (*see Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35 [2004]). However, even if a forklift

was available and plaintiff was aware of it, defendants have not offered evidence showing that he was actually instructed to use it (*see Noor v City of New York*, 130 AD3d 536, 540 [1st Dept 2015], *lv dismissed* 27 NY3d 975 [2016]; *Vacca v Landau Indus.*, 5 AD3d 119 [1st Dept 2004]). Rather, it is undisputed that plaintiff's foreman had instructed the workers to move the reel as they did, and to the extent defendants rely on the testimony of plaintiff's employer that plaintiff was not to blindly follow the foreman's instructions, such overlooks the realities of construction work (*see DeRose v Bloomingdale's Inc.*, 120 AD3d 41, 47 [1st Dept 2014]).

Nor is there a triable issue as to whether plaintiff was the sole proximate cause of the accident. Even assuming that plaintiff did assist in moving the reel and in the course of doing so, removed his hand from the reel, such was not the sole proximate cause of the accident, as he was not provided with an adequate safety device to hoist the reel in the first instance (*see Serowik v Leardon Boiler Works Inc.*, 129 AD3d 471 [1st Dept 2015]).

The contention that Labor Law § 240 (1) is inapplicable because the loading of the reel did not fall within the scope of construction work, is unavailing. Although it was not actual construction work, and occurred in the loading area of the construction site, it was still part of the construction project (*see Campisi v Epos Contr. Corp.*, 299 AD2d 4, 6-7 [1st Dept 2002]; *see also Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 882 [2003]).

Furthermore, plaintiff's motion was not premature. Defendants have not demonstrated how the testimony of plaintiff's coworker would present facts that would "justify opposition to the motion" (*Aburto v City of New York*, 94 AD3d 640, 641 [1st Dept 2012]; CPLR 3212 [f]). Concur—Gische, J.P., Kapnick, Oing and Moulton, JJ.