Serrano v TED Gen. Contr. (2018 NY Slip Op 00113)





Serrano v TED Gen. Contr.


2018 NY Slip Op 00113


Decided on January 9, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2018

Tom, J.P., Kapnick, Webber, Oing, JJ.


308884/11 5411 

[*1] Pedro Serrano, et al., Plaintiffs-Appellants-Respondents,
v TED General Contractor, Defendant-Respondent-Appellant, Eight Avenue Sky, LLC, Defendant-Respondent, Perimeter Bridge and Scaffold Co., Inc., et al., Defendants.


Sullivan Papain Block McGrath & Cannavo P.C., New York (Brian J. Shoot of counsel), for appellants-respondents.
Armienti, DeBellis, Guglielmo & Rhoden, LLP, New York (Vanessa M. Corchia of counsel), for respondent-appellant.
Havkins Rosenfeld Ritzert & Varriale, LLP, Mineola (Gail L. Ritzert of counsel), for respondent.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered November 17, 2016, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for partial summary judgment on the issue of defendants Eighth Avenue Sky's (EAS) and TED General Contractor's (TED) Labor Law 240(1) liability, unanimously reversed, on the law, without costs, and the motion granted. Cross appeal by TED from so much of the order as made certain findings as to it, unanimously dismissed, without costs.
Plaintiff Pedro Serrano was injured when, during the course of moving sheetrock into a building, he stood on top of a sidewalk shed that broke beneath him, causing him to fall to the sidewalk below. While the motion court correctly determined that these facts demonstrated plaintiffs' prima facie entitlement to summary judgment (see e.g. Tzic v Kampanas, 93 AD3d 438, 438-439 [1st Dept 2012]), it erred in finding that EAS raised a triable issue of fact. That no witness other than plaintiff testified as to the occurrence of the accident does not bar judgment in his favor, "where nothing in the record contradicts his version of the occurrence or raises an issue as to his credibility" (Ortiz v Burke Ave. Realty, Inc., 126 AD3d 577, 578 [1st Dept 2015]), and defendant EAS's expert report was purely speculative in that it was not based on an examination of the sidewalk shed at the time of the accident (Pastabar Caffé Corp. v 343 E. 8th St. Assoc., LLC, 147 AD3d 583, 585 [1st Dept 2017]).
The motion court properly found that TED was the general contractor of the project given that the evidence clearly demonstrated that it had authority to control the work (DeMaria v RBNB 20 Owner, 129 AD3d 623, 624-625 [1st Dept 2015]), and that plaintiff was found to be a worker protected under the statute because he was making deliveries of construction materials to the worksite during an ongoing construction project (Serowik v Leardon Boiler Works, Inc., 129 AD3d 471 [1st Dept 2015]).
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 9, 2018
CLERK