Schutt v Bookhagen (2020 NY Slip Op 04651)





Schutt v Bookhagen


2020 NY Slip Op 04651


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


296 CA 19-01214

[*1]JOSIAH SCHUTT, PLAINTIFF-APPELLANT-RESPONDENT,
v
MARK D. BOOKHAGEN AND STACIE BOOKHAGEN, DEFENDANTS-RESPONDENTS-APPELLANTS. 






LAW OFFICE OF J. MICHAEL HAYES, BUFFALO (ANTHONY J. ZITNIK, JR., OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT.
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (NELSON E. SCHULE, JR., OF COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS. 


 Appeal and cross appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered April 9, 2019. The order granted in part and denied in part plaintiff's motion for partial summary judgment and granted defendants' cross motion for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is modified on the law by granting that part of the motion seeking summary judgment on liability with respect to the Labor Law § 240 (1) cause of action, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained while working for a company that defendants had hired to install a new roof on one of their rental properties. Although plaintiff served as a ground laborer on the work site, he was injured when he fell from the roof. According to plaintiff, he had been instructed to go onto the roof and, while there, the toe board that he used to stabilize himself failed, causing him to slide off of the roof. He was not wearing a harness at the time.
Plaintiff appeals and defendants cross-appeal from an order that denied plaintiff's motion for summary judgment on the issue of liability with respect to his Labor Law §§ 240 (1) and 241 (6) causes of action and granted the motion to the extent that it sought a determination that the accident caused his injuries.
We agree with plaintiff on his appeal that Supreme Court should have granted the motion with respect to the Labor Law § 240 (1) cause of action, and we therefore modify the order accordingly. We conclude that plaintiff met his initial burden on that part of the motion by establishing that his " injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential' " (Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 97 [2015], rearg denied 25 NY3d 1195 [2015], quoting Runner v New York Stock Exch., Inc., 13 NY3d 599, 603 [2009]; see Lagares v Carrier Term. Servs., Inc., 177 AD3d 1394, 1395 [4th Dept 2019]; Provens v Ben-Fall Dev., LLC, 163 AD3d 1496, 1498 [4th Dept 2018]). Specifically, plaintiff submitted his deposition testimony, wherein he stated that the toe board failed, causing him to fall from the roof. He also testified that he was not provided with a harness and that there were no available harnesses nearby.
In opposition, defendants failed to raise a triable issue of fact whether plaintiff's "own conduct, rather than any violation of Labor Law § 240 (1), was the sole proximate cause of the accident" (Luna v Zoological Socy. of Buffalo, Inc., 101 AD3d 1745, 1746 [4th Dept 2012] [internal quotation marks omitted]). To establish a sole proximate cause defense, a defendant must demonstrate that the plaintiff had
" adequate safety devices available; that [the plaintiff] knew both that they were available and that he [or she] was expected to use them; that [the plaintiff] chose for no good reason not to do so; and that had [the plaintiff] not made that choice he [or she] would not have been injured' " (Fazekas v Time Warner Cable, Inc., 132 AD3d 1401, 1403 [4th Dept 2015], quoting Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 40 [2004]). Here, defendants submitted deposition testimony from the owners of plaintiff's employer, neither of whom wore a harness on the day of the accident, establishing that plaintiff may have been aware that harnesses were somewhere on the work site, was told to wear a harness while on the roof, and was instructed on how to wear a harness. Defendants, however, failed to raise a triable issue of fact whether "safety harnesses were readily available at the work site, albeit not in the immediate vicinity of the accident' " (Lord v Whelan & Curry Constr. Servs., Inc., 166 AD3d 1496, 1497 [4th Dept 2018], quoting Gallagher v New York Post, 14 NY3d 83, 88 [2010]). The " presence of [other safety devices] somewhere at the worksite' does not [alone] satisfy defendants' duty to provide appropriate safety devices" (Williams v City of Niagara Falls, 43 AD3d 1426, 1427 [4th Dept 2007], quoting Zimmer v Chemung County Performing Arts, 65 NY2d 513, 524 [1985], rearg denied 65 NY2d 1054 [1985]). Significantly, our dissenting colleagues do not address our prior determination that "the presence of a safety harness in [the] plaintiff's truck," was insufficient to raise a triable issue of fact whether the plaintiff's conduct was the sole proximate cause of the injuries sustained as a result of his fall from a roof (id.).
Further, "[t]he mere failure by plaintiff to follow safety instructions" does not render plaintiff the sole proximate cause of his injuries (cf. Fazekas, 132 AD3d at 1403-1404; see generally Whiting v Dave Hennig, Inc., 28 AD3d 1105, 1106 [4th Dept 2006]; Young v Syroco, Inc., 217 AD2d 1011, 1012 [4th Dept 1995]). The evidence presented by defendants established only that plaintiff possibly failed to follow safety instructions, not that he outright refused to "use available, safe and appropriate equipment" (Miles v Great Lakes Cheese of N.Y., Inc., 103 AD3d 1165, 1167 [4th Dept 2013] [internal quotation marks omitted]; see Powers v Del Zotto & Son Bldrs., 266 AD2d 668, 669 [3d Dept 1999]). Defendants failed to demonstrate that plaintiff " chose for no good reason not to' " wear a safety harness (Fazekas, 132 AD3d at 1404). At most, plaintiff's "alleged conduct would amount only to comparative fault and thus cannot bar recovery under the statute" (Lagares, 177 AD3d at 1395).
Although defendants also submitted deposition testimony that, after the accident, all of the toe boards were in place and none had been broken, that testimony is of no moment. Regardless of whether the toe board at issue actually broke, that device did not adequately protect plaintiff from an elevation-related fall and therefore failed within the meaning of Labor Law § 240 (1) (see generally Wolf v Ledcor Constr. Inc., 175 AD3d 927, 929 [4th Dept 2019]; Provens, 163 AD3d at 1498). We also reject our dissenting colleagues' supposition that a harness, by itself, was an adequate safety device because there is no testimony in the record to establish that fact. Additionally, defendants have made no such argument on appeal.
Contrary to plaintiff's further contention on appeal, we conclude that the court properly denied the motion with respect to the Labor Law § 241 (6) cause of action. The Industrial Code provisions that plaintiff alleges defendants violated, i.e., 12 NYCRR 23-1.16 (c) and 12 NYCRR 23-1.24 (a) and (b), are "sufficiently specific to support a Labor Law § 241 (6) cause of action" (Kuligowski v One Niagara, LLC, 177 AD3d 1266, 1268 [4th Dept 2019]; see Mills v Niagara Mohawk Power Corp., 262 AD2d 901, 902 [3d Dept 1999]; Rudolph v Hofstra Univ., 225 AD2d 680, 681 [2d Dept 1996]). However, plaintiff failed to meet his prima facie burden of establishing entitlement to summary judgment with respect to those Industrial Code provisions. Plaintiff alleges that he was not provided with a harness, which would render 12 NYCRR 23-1.16 (c) inapplicable (see Partridge v Waterloo Cent. School Dist., 12 AD3d 1054, 1056 [4th Dept 2004]; Luckern v Lyonsdale Energy Ltd. Partnership, 281 AD2d 884, 887 [4th Dept 2001]). Moreover, although plaintiff stated that he was never provided with a harness or instructed on how to use one, he also submitted deposition testimony contradicting those assertions, thereby raising issues of fact. With regard to the other two Industrial Code provisions, both require evidence of the steepness of the slope of the roof, which plaintiff failed to provide (see Perri v Gilbert Johnson Enters., Ltd., 14 AD3d 681, 682 [2d Dept 2005]).
Contrary to defendants' contention on their cross appeal, and in light of our decision to grant plaintiff's motion with respect to the Labor Law § 240 (1) cause of action, we conclude that the court properly granted the motion insofar as it sought a determination that those injuries [*2]identified in the medical examination reports were caused by the accident. To the extent that defendants challenge causation with respect to the other alleged injuries, that challenge is improperly based on evidence outside of the record (see generally McIntosh v Genesee Val. Laser Ctr., 121 AD3d 1560, 1561 [4th Dept 2014], lv denied 25 NY3d 911 [2015]; Matter of Gridley v Syrko, 50 AD3d 1560, 1561 [4th Dept 2008]).
All concur except Smith, J.P., and Centra, J., who dissent and vote to affirm in the following memorandum: We respectfully dissent and would affirm the order of Supreme Court. Plaintiff was employed as a ground laborer for a business owned by Sean Cryan (Sean) and Richard Cryan (Richard) that had been hired by defendants to install a new roof on their rental property. Although there was deposition testimony that ground laborers do not normally go on the roof, at the time of the accident plaintiff was on the roof attempting to untangle an air hose when he slid off the roof. No one witnessed the fall. Plaintiff testified at his deposition that a toe board "gave out," but Sean and Richard testified that, after the accident, all the toe boards were in place and nothing was broken.
We disagree with the majority that the court erred in denying plaintiff's motion insofar as it sought summary judgment on the issue of liability with respect to the Labor Law § 240 (1) cause of action. It is well settled that "an accident alone does not establish a Labor Law § 240 (1) violation or causation" (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289 [2003]). To establish liability under Labor Law § 240 (1), the plaintiff must show that "the owner or contractor . . . breach[ed] the statutory duty under section 240 (1) to provide a worker with adequate safety devices, and [that] this breach . . . proximately cause[d] the worker's injuries" (Robinson v East Med. Ctr., LP, 6 NY3d 550, 554 [2006]). "These prerequisites do not exist if adequate safety devices are available at the job site, but the worker either does not use or misuses them" (id.).
Contrary to the conclusion of the majority, we agree with the court that there is a triable issue of fact whether there was a violation of Labor Law § 240 (1) and, more specifically, whether defendants provided plaintiff with adequate safety devices. There was evidence submitted that, in addition to the toe boards, safety harnesses were available for plaintiff to use but that he was not wearing one at the time of the accident. A plaintiff is not entitled to summary judgment on a Labor Law § 240 (1) cause of action when there is an issue of fact whether the plaintiff's own conduct was the sole proximate cause of the accident (see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39-40 [2004]; Weitzel v State of New York, 160 AD3d 1394, 1394-1395 [4th Dept 2018]). A triable issue of fact whether a plaintiff's conduct was the sole proximate cause of his or her accident exists when there is evidence and reasonable inferences to be drawn therefrom that the plaintiff "had adequate safety devices available; that [the plaintiff] knew both that they were available and that he [or she] was expected to use them; that [the plaintiff] chose for no good reason not to do so; and that had [the plaintiff] not made that choice he [or she] would not have been injured" (Cahill, 4 NY3d at 40; see Fazekas v Time Warner Cable, Inc., 132 AD3d 1401, 1403-1404 [4th Dept 2015]).
In support of his motion, plaintiff submitted excerpts from his own deposition testimony in which he testified that he did not see harnesses in Sean's truck and that the Cryans did not provide him with any safety gear other than gloves and, at times, a safety mask. Plaintiff, however, also submitted excerpts from Richard's deposition in which he testified that harnesses were kept in his and Sean's trucks, that the workers knew how to use them, and that there were enough for all the workers on the job site. Plaintiff further submitted excerpts from Sean's deposition in which he testified that ground laborers were required to wear a harness if they were on the roof, that he had told plaintiff to wear one, and that plaintiff knew that he had to wear one. In our view, that testimony raised a triable issue of fact whether plaintiff's failure to wear a harness was the sole proximate cause of the accident, and thus plaintiff failed to meet his initial burden on the motion with respect to the Labor Law
§ 240 (1) cause of action (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Even assuming, arguendo, that plaintiff met his initial burden on that part of the motion, we conclude that defendants raised a triable issue of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Defendants submitted additional excerpts from the depositions of Richard and Sean. Sean testified that harnesses were kept in a Dewalt storage box and that everyone had access to them. Both he and Richard testified that all employees, including plaintiff, were shown how to wear them, and Richard testified that he [*3]specifically told plaintiff that the harnesses were in the truck and that he needed to have one on. That testimony and the reasonable inferences to be drawn therefrom established that there were adequate safety devices, i.e., harnesses, available; that plaintiff knew both that the harnesses were available and that he was expected to use them; that he chose for no good reason not to wear one; and that had he not made that choice he would not have been injured (see Cahill, 4 NY3d at 40; Weitzel, 160 AD3d at 1395).
The majority concludes that defendants failed to raise a triable issue of fact with respect to the Labor Law § 240 (1) cause of action because there was no showing that the harnesses were readily available at the work site as opposed to being merely somewhere at the work site. The work here was installing a new roof on a home, which was a small construction site. It can reasonably be inferred that Sean's and Richard's trucks were parked either in the driveway of the home or very close by the home. Safety devices need to be "readily available," but they do not need to be "in the immediate vicinity of the accident" (Gallagher v New York Post, 14 NY3d 83, 88 [2010]). In our view, the evidence submitted by defendants established that the harnesses in the Dewalt storage box in the truck(s) were readily available to plaintiff, and plaintiff knew where to find them because Richard testified that he told plaintiff that they were in the truck (cf. id. at 88).
We further disagree with the majority's assertion that defendants failed to raise a triable issue of fact because plaintiff's mere failure to follow safety instructions does not render him the sole proximate cause of his injuries. As stated by the Court of Appeals, "an instruction by an employer or owner to avoid using unsafe equipment or engaging in unsafe practices is not a safety device' in the sense that plaintiff's failure to comply with the instruction is equivalent to refusing to use available, safe and appropriate equipment" (Gordon v Eastern Ry. Supply, 82 NY2d 555, 563 [1993]; see Stolt v General Foods Corp., 81 NY2d 918, 920 [1993]). In our view, we have more here than a mere instruction to plaintiff to avoid unsafe practices. The deposition testimony of Sean and Richard established that they told plaintiff that he needed to wear a harness and told him where the harnesses were kept, which permits the inference that plaintiff knew that the harnesses were available and that he was expected to use them (see Fazekas, 132 AD3d at 1404). Contrary to the assertion of the majority, defendants were not required to show an outright refusal by plaintiff to wear the harness (see Cahill, 4 NY3d at 37; cf. Gallagher, 14 NY3d at 88).
Plaintiff contends, and the majority agrees, that setting aside the disputed testimony regarding the harnesses, the toe board at issue did not provide adequate protection from an elevation-related risk regardless of whether it was defective and that the failure of one safety device to provide adequate protection entitles him to summary judgment with respect to the Labor Law § 240 (1) cause of action. "Under Labor Law § 240 (1), it is conceptually impossible for a statutory violation (which serves as a proximate cause for a plaintiff's injury) to occupy the same ground as a plaintiff's sole proximate cause for the injury" (Blake, 1 NY3d at 290). "Thus, if a statutory violation is a proximate cause of an injury, the plaintiff cannot be solely to blame for it. Conversely, if the plaintiff is solely to blame for the injury, it necessarily means that there has been no statutory violation" (id.). Plaintiff reasons that the failure of the toe board to provide adequate protection constitutes a proximate cause of his injuries and thus that defendants cannot establish that his failure to wear a harness was the sole proximate cause of his injuries. We disagree with that analysis. Nothing precludes an owner or contractor from providing a worker with more than one safety device (see Weitzel, 160 AD3d at 1395). Here, plaintiff was provided with two safety devices—a toe board and a harness. Thus, regardless of any failure of the toe board to provide proper protection, there is no breach of the statutory duty to provide plaintiff with "adequate safety devices" if the harness is found to be an adequate safety device (Robinson, 6 NY3d at 554 [emphasis added]). In other words, the failure of one safety device does not automatically result in a statutory violation of Labor Law § 240 (1) when the worker was provided with another safety device that was adequate to prevent any injury (see Weitzel, 160 AD3d at 1395). Where, as here, there is a triable issue of fact whether a harness was available to the plaintiff and the plaintiff knew that he or she was expected to use it but failed to do so, the plaintiff cannot establish as a matter of law that there was any statutory violation or proximate cause.
The majority's conclusion that plaintiff is entitled to partial summary judgment on liability with respect to the Labor Law § 240 (1) cause of action essentially punishes defendants [*4]for the actions of plaintiff's employer in providing him with a second safety device. Under the majority's analysis, defendants would fare better if plaintiff's employer had not provided the toe board at all, which defies logic and is contrary to the goal of the statute to make construction sites safer for workers. The purpose of the statute is to hold an owner or contractor liable for failing to provide a worker with proper protection (see Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 96 [2015], rearg denied 25 NY3d 1195 [2015]). Here, there is a triable issue of fact whether defendants provided plaintiff with adequate protection from the risk of falling from the roof, and thus the court properly denied the motion with respect to the Labor Law
§ 240 (1) cause of action.
We agree with the majority that the court properly denied plaintiff's motion insofar as it sought summary judgment on the issue of liability with respect to the Labor Law § 241 (6) cause of action. Among other reasons (see generally Misicki v Caradonna, 12 NY3d 511, 515 [2009]; Riffo-Velozo v Village of Scarsdale, 68 AD3d 839, 841-842 [2d Dept 2009]), plaintiff failed to meet his initial burden of establishing that defendants violated 12 NYCRR 23-1.16 (c) or 12 NYCRR 23-1.24 (a) or (b) (see Jock v Landmark Healthcare Facilities, LLC, 62 AD3d 1070, 1074 [3d Dept 2009]).
With respect to defendants' cross appeal, defendants contend that the court erred in granting plaintiff's motion to the extent that it sought a determination that the accident caused his injuries. The court granted that relief upon receiving no opposition from defendants as to that part of plaintiff's motion. Defendants do not dispute that plaintiff sustained injuries as a result of the fall and, as plaintiff states in his reply brief, "[t]he exact extent, scope of all injuries claimed and their compensatory value' is and will be something to be determined by a jury." We therefore see no reason to modify the order.
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court