Finocchi v Live Nation Inc. (2022 NY Slip Op 02680)

Finocchi v Live Nation Inc.

2022 NY Slip Op 02680

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND CURRAN, JJ.

267 CA 20-00692

[*1]CARMEN J. FINOCCHI, JR., AND KIM ELAINE FINOCCHI, PLAINTIFFS-APPELLANTS,
v
LIVE NATION INC., AND CPI TOURING (GENESIS-USA), LLC, DEFENDANTS-RESPONDENTS. (APPEAL NO. 1.) 

CONNORS LLP, BUFFALO (LAWLOR F. QUINLAN, III, OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
GOLDBERG SEGALLA LLP, BUFFALO, MAURO LILLING NAPARTY LLP, WOODBURY (ANTHONY F. DESTEFANO OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Mark A. Montour, J.), entered February 10, 2020. The order and judgment dismissed the complaint. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously reversed on the law without costs, the posttrial motion is granted, the verdict is set aside, the Labor Law § 240 (1) claim is reinstated, judgment on liability is granted to plaintiffs on that claim, and a new trial is granted on damages only.
Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Carmen J. Finocchi, Jr. (plaintiff) when he was loading boxes of rigging equipment into a truck following a concert. After we determined on a prior appeal that there were triable issues of fact precluding summary judgment in defendants' favor with respect to the Labor Law § 240 (1) claim (Finocchi v Live Nation Inc., 141 AD3d 1092, 1094 [4th Dept 2016]), the matter proceeded to a nonjury trial. Following that trial, Supreme Court dismissed the complaint on the ground that plaintiff's failure to use an appropriate safety device, i.e., a forklift, was the sole proximate cause of his injuries.
In appeal No. 1, plaintiffs appeal from the order and judgment dismissing their complaint. They contend that plaintiff's choice not to use a forklift cannot be deemed the sole proximate cause of his injuries, inasmuch as he did not forgo the available safety device "for no good reason" (Gallagher v New York Post, 14 NY3d 83, 88 [2010]). In appeal No. 2, plaintiffs appeal from the court's subsequent order that denied their motion to set aside the verdict pursuant to, inter alia, CPLR 4404 (b).
Initially, inasmuch as the appeal from the order and judgment in appeal No. 1 brings up for review the propriety of the order in appeal No. 2, we dismiss appeal No. 2 (see generally CPLR 5501 [a] [2]; Benevolent & Protective Order of Elks of United States of Am. v Creative Comfort Sys., Inc., 192 AD3d 1608, 1608 [4th Dept 2021]; Matter of State of New York v Daniel J., 180 AD3d 1347, 1348 [4th Dept 2020], lv denied 35 NY3d 908 [2020]).
With respect to appeal No. 1, we agree with plaintiffs that the court erred in denying their posttrial motion inasmuch as the court's determination that plaintiff's choice to forgo using a forklift was the sole proximate cause of the accident could not be reached under any fair interpretation of the evidence (see generally Burke v Women Gynecology & Childbirth Assoc., P.C., 195 AD3d 1393, 1394 [4th Dept 2021]; Trimarco v Data Treasury Corp., 146 AD3d 1008, [*2]1009 [2d Dept 2017]; Matter of City of Syracuse Indus. Dev. Agency [Alterm, Inc.], 20 AD3d 168, 170 [4th Dept 2005]).
"To establish a sole proximate cause defense, a defendant must demonstrate that the plaintiff had adequate safety devices available; that [the plaintiff] knew both that they were available and that he [or she] was expected to use them; that [the plaintiff] chose for no good reason not to do so; and that had [the plaintiff] not made that choice he [or she] would not have been injured" (Schutt v Bookhagen, 186 AD3d 1027, 1028 [4th Dept 2020], appeal dismissed 36 NY3d 939 [2020] [emphasis added and internal quotation marks omitted]; see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 40 [2004]; see generally Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290-292 [2003]).
Here, although defendants established that there was an available safety device, i.e., a forklift, and that plaintiff knew that it was available and that he was expected to use it, plaintiffs established that the stage manager instructed plaintiff and his coworkers to lift the box manually. Regardless of whether that stage manager was plaintiff's actual supervisor, plaintiff was under no obligation to demand safer methods for moving the box (see Greene v Raynors Lane Prop. LLC, 194 AD3d 520, 522 [1st Dept 2021]; Orellana v 7 W. 34th St., LLC, 173 AD3d 886, 888 [2d Dept 2019]; Gutierrez v 451 Lexington Realty LLC, 156 AD3d 418, 419 [1st Dept 2017]). To expect plaintiff to refuse the stage manager's demands "overlooks the realities of construction work" (Gutierrez, 156 AD3d at 419).
"When faced with an . . . instruction to use an inadequate device [or no device at all], many workers would be understandably reticent to object for fear of jeopardizing their employment and their livelihoods" (DeRose v Bloomingdale's Inc., 120 AD3d 41, 47 [1st Dept 2014]). Even assuming, arguendo, that plaintiff should have refused the stage manager's demand, we conclude that, at most, plaintiff's "alleged conduct would amount only to comparative fault and . . . [could not] bar recovery under the statute" (Schutt, 186 AD3d at 1029 [internal quotation marks omitted]).
We also reject defendants' contention, raised as an alternative ground for affirmance, that plaintiff was not performing work covered under Labor Law § 240 (1) at the time he sustained his injuries. As plaintiffs correctly contend and the court properly determined, the work performed by plaintiff was covered work, inasmuch as it was ancillary to the demolition of a structure, i.e., the stage, and plaintiff was a member of the demolition team (see Hensel v Aviator FSC, Inc., 198 AD3d 884, 886 [2d Dept 2021]; see also Ruiz v 8600 Roll Rd., 190 AD2d 1030, 1031 [4th Dept 1993]; see generally Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 883 [2003]).
Inasmuch as this Court has the authority to review the record and grant judgment as we deem warranted by the facts (see Dryden Mut. Ins. Co. v Goessl, 117 AD3d 1512, 1513 [4th Dept 2014], affd 27 NY3d 1050 [2016]; Brooks v New York State Thruway Auth., 73 AD2d 767, 768 [3d Dept 1979], affd 51 NY2d 892 [1980]; Rote v Gibbs, 195 AD3d 1521, 1523-1524 [4th Dept 2021], appeal dismissed 37 NY3d 1106 [2021]), we reverse the order and judgment, grant the posttrial motion, set aside the verdict, reinstate the Labor Law § 240 (1) claim, grant judgment on liability in favor of plaintiffs on that claim, and remit the matter for a trial on damages only.
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court