Pacheco v Trustees of Columbia Univ. in the City of N.Y. (2023 NY Slip Op 00492)

Pacheco v Trustees of Columbia Univ. in the City of N.Y.

2023 NY Slip Op 00492

Decided on February 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 02, 2023

Before: Manzanet-Daniels, J.P., González, Scarpulla, Shulman, Pitt-Burke, JJ. 

Index No. 34248/19E Appeal No. 17236 Case No. 2022-01987 

[*1]Ruben Pacheco, Plaintiff-Respondent,
v
The Trustees of Columbia University in the City of New York, et al., Defendants-Appellants.

Rivkin Radler LLP, Uniondale (Cheryl F. Korman of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about May 3, 2022, which granted plaintiff's motion for summary judgment as to liability on the Labor Law §§ 240(1) and 241(6) claims, unanimously affirmed, without costs.
Plaintiff was ejected from a power buggy he was operating on a sloped loading dock ramp when the power buggy hit some debris and its brakes failed. The court properly granted plaintiff partial summary judgment on the Labor Law § 240(1) claim. Plaintiff's testimony established that the accident was proximately caused by the combination of the slope of the loading dock ramp, the power buggy running over debris on the ramp, and the failure of the buggy's brakes, which caused the buggy to lose control down the ramp and eject plaintiff. The buggy itself, and in particular the brakes, was a safety device, and it failed to provide plaintiff with adequate protection against the gravity-related risk of transporting debris and materials down the sloped ramp (see Landi v SDS William St., LLC, 146 AD3d 33, 38 [1st Dept 2016]).
Plaintiff's motion was not premature, as defendants have not demonstrated how the testimony of plaintiff's coworker would present facts that would "justify opposition to the motion" (Gutierrez v 451 Lexington Realty LLC, 156 AD3d 418, 419 [1st Dept 2017] [internal quotation marks omitted]).
In view of the grant of partial summary judgment on the Labor Law § 240(1) claim, defendants' arguments as to the Labor Law § 241(6) claim are academic (see Cronin v New York City Tr. Auth., 143 AD3d 419, 420 [1st Dept 2016]; Auriemma v Biltmore Theatre, LLC, 82 AD3d 1, 12 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 2, 2023