Elibox v Nehemiah Spring Cr. IV Mixed Income Hous. Dev. Fund Co., Inc. (2023 NY Slip Op 04432)

Elibox v Nehemiah Spring Cr. IV Mixed Income Hous. Dev. Fund Co., Inc.

2023 NY Slip Op 04432

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-05752
 (Index No. 507800/19)

[*1]Simon Elibox, appellant, 
v
Nehemiah Spring Creek IV Mixed Income Housing Development Fund Company, Inc., et al., respondents, et al., defendant.

Darren T. Moore, New York, NY, for appellant.
London Fischer, LLP, New York, NY (David B. Franklin and Robert D. Martin of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated July 15, 2020. The order denied the plaintiff's motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against the defendants Nehemiah Spring Creek IV Mixed Income Housing Development Fund Company, Inc., and Monadnock Construction, Inc.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendants Nehemiah Spring Creek IV Mixed Income Housing Development Fund Company, Inc. (hereinafter Nehemiah Spring), and Monadnock Construction, Inc. (hereinafter together the defendants), and another, seeking to recover damages for personal injuries he allegedly sustained after a scaffold he was working on collapsed at a construction project in Brooklyn on property owned by Nehemiah Spring. The plaintiff alleged, inter alia, that the defendants violated Labor Law §§ 240(1) and 241(6). Following discovery, the plaintiff moved for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against the defendants. The defendants opposed. In an order dated July 15, 2020, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
Although "[a] plaintiff's comparative negligence is not a defense to a cause of action [*2]under Labor Law § 240(1)" (Debennedetto v Chetrit, 190 AD3d 933, 935-936), "[a] defendant is not liable under Labor Law § 240(1) where the plaintiff's own actions are the sole proximate cause of the accident" (Calle v City of New York, 212 AD3d 763, 764; see Castano v Algonquin Gas Transmission, LLC, 213 AD3d 905). Here, viewing the evidence in the light most favorable to the defendants, as the nonmoving parties, and resolving all reasonable inferences in the defendants' favor (see Ramos v Penn Tower, LLC, 136 AD3d 1009, 1010), the Supreme Court properly denied the plaintiff's motion for summary judgment, determining that there are triable issues of fact. In opposition to the plaintiff's undisputed prima facie showing of entitlement to judgment as a matter of law on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against the defendants, the defendants, inter alia, raised a triable issue of fact by proffering evidence that the scaffold at issue had been constructed properly and that the plaintiff may have altered the condition of the scaffold by removing the nails securing the plank upon which he was standing "in such a manner as to create the condition causing its collapse" (Berenson v Jericho Water Dist., 33 AD3d 574, 576; see Moore v DL Peterson Trust, 172 AD3d 1058, 1059-1060; cf. Flowers v Harborcenter Dev., LLC, 155 AD3d 1633).
Accordingly, we affirm the order.
IANNACCI, J.P., CHRISTOPHER, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court