Jara-Salazar v 250 Park, L.L.C. (2024 NY Slip Op 05407)

Jara-Salazar v 250 Park, L.L.C.

2024 NY Slip Op 05407

Decided on October 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2024

Before: Manzanet-Daniels, J.P., Friedman, Gesmer, Shulman, Michael, JJ. 

Index No. 152788/19, 595822/19, 596157/19, 595128/21, 595566/21 Appeal No. 2930 Case No. 2023-06237 

[*1]Rene Jara-Salazar, Plaintiff-Appellant,
v
250 Park, L.L.C., et al., Defendants-Respondents. [And Other Actions] 

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for appellant.
Sweetbaum & Sweetbaum, Lake Success (Michael Cassell of counsel), for Unispace, Inc., respondent.
Fuchs Rosenzweig, PLLC, New York (Douglas R. Rosenzweig of counsel), for Precise Services Corp., respondent.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered October 25, 2023, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) claim, unanimously reversed, on the law, without costs, and the motion granted.
The court should have granted plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim. Plaintiff was standing on an A-frame ladder while removing a main sprinkler pipe hung from the ceiling, when the unsecured pipe fell and struck his ladder, causing him to fall to the ground. Defendants are liable for these injuries because plaintiff was not provided any safety devices except an unsecured ladder (see Rivera v 712 Fifth Ave. Owner LP, 229 AD3d 401, 402 [1st Dept 2024]; Franco v 1221 Ave. Holdings, LLC, 189 AD3d 615, 615 [1st Dept 2020]).
Plaintiff was also not provided any safety devices to secure the pipe while it was being removed (see Czajkowski v City of New York, 126 AD3d 543, 543 [1st Dept 2015]). The use of a safety device to secure the pipe would not have impeded the work in progress (see Kosavick v Tishman Constr. Corp. of N.Y., 50 AD3d 287, 288 [1st Dept 2008]). Even if plaintiff's coworkers were supposed to hold the pipe as he cut it, "people are not safety devices within the meaning of Labor Law § 240(1)" (Iuculano v City of New York, 214 AD3d 535, 536 [1st Dept 2023]). Nor was plaintiff required to proffer an expert affidavit (see Rincon v New York City Hous. Auth., 202 AD3d 421, 422 [1st Dept 2022]).
There is no triable issue of fact as to whether plaintiff was a recalcitrant worker. While defendants contend that plaintiff's foreman gave him safety instructions concerning how to cut the pipe and where to place the ladder so that it would not be hit by a falling pipe, plaintiff was not recalcitrant because he was not provided with an adequate safety device to secure the pipe "in the first instance" (Gutierrez v 451 Lexington Realty LLC, 156 AD3d 418, 419 [1st Dept 2017]; see Stolt v General Foods Corp., 81 NY2d 918, 920 [1993]).
There is also no issue of fact as to whether plaintiff was the sole proximate cause of the accident because, even if the length of the pipe that plaintiff cut was too long, he was not provided with an adequate safety device to secure the pipe (see Gutierrez, 156 AD3d at 419). Furthermore, even if plaintiff disregarded an instruction not to place the ladder where the pipe could hit it, that was not the sole proximate cause of the accident as "an instruction to avoid an unsafe practice is not a sufficient substitute for providing a worker with a safety device to allow him to complete his work safely" (Saavedra v 111 John Realty Corp., 179 AD3d 442, 442 [1st Dept 2020] [internal quotation marks omitted]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 31, 2024