Alonso v Cabgram Dev., LLC (2025 NY Slip Op 02029)

Alonso v Cabgram Dev., LLC

2025 NY Slip Op 02029

Decided on April 08, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 08, 2025

Before: Moulton, J.P., González, Scarpulla, Higgitt, Michael, JJ. 

Index No. 151105/19, 595692/19, 596079/19|Appeal No. 4070-4071|Case No. 2024-06376, 2024-06425|

[*1]Felix Barrado Alonso, Plaintiff-Appellant-Respondent,
v
Cabgram Developer, LLC, Defendant-Respondent-Appellant, Gramercy Square LLC, et al., Defendants.

Cabgram Developer LLC, Third-Party Plaintiff-Respondent-Appellant,
v
Zenco Construction Inc., Third-Party Defendant. [And a Second Third-Party Action]

Ginarte Gonzalez Winograd, LLP, New York (Anthony F. DeStefano of counsel), for appellant-respondent.
O'Connor Redd Orlando LLP, Port Chester (Jerri A. DeCamp of counsel), for respondent-appellant.

Amended order, Supreme Court, New York County (Lyle E. Frank, J.), entered on June 2, 2023, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on liability on his Labor Law § 240(1) cause of action and denied the motion of defendant Cabgram Developer LLC for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) causes of action, unanimously reversed, on the law, without costs, and plaintiff's motion granted. Appeal from order, same court and Justice, entered on or about May 26, 2023, unanimously dismissed, without costs, as subsumed in the appeal from the amended order, and as moot.
Plaintiff was struck by a wooden plank dropped by coworkers while constructing the second level of a 16-foot tall, wheeled scaffold and then was struck by the scaffold when it fell over and landed on top of him. Plaintiff is entitled to summary judgment. The collapse of a scaffold is one of those special hazards contemplated by the statute, and an accident caused by a scaffold collapse is prima facie evidence of a Labor Law § 240(1) violation (see Metus v Ladies Mile Inc., 51 AD3d 537, 538 [1st Dept 2008]; see also Gomez v Trinity Ctr. LLC, 195 AD3d 502, 502 [1st Dept 2021]; Linares v City of New York, 209 AD3d 468, 469 [1st Dept 2022]). Cabgram's argument that summary judgment is not warranted because the scaffold was not defective is unpersuasive because plaintiff need not demonstrate that the scaffold was defective to establish his prima facie case (see Hyatt v Queens W. Dev. Corp., 194 AD3d 548, 549 [1st Dept 2021]; Ortega v Trinity Hudson Holding LLC, 176 AD3d 625, 625-626 [1st Dept 2019]). Nor is it relevant that plaintiff did not see the scaffold tip over, inasmuch as his back was turned when the accident occurred (see Pados v City of New York, 192 AD3d 596 [1st Dept 2021]).
In light of the grant of plaintiff's motion for summary judgment on liability under Labor Law § 240(1), the parties' arguments regarding plaintiff's claim under Labor Law § 241(6) are academic (see Viruet v Purvis Holdings LLC, 198 AD3d 587, 587 [1st Dept 2021]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 8, 2025