Saavedra v 111 John Realty Corp. (2020 NY Slip Op 00082)





Saavedra v 111 John Realty Corp.


2020 NY Slip Op 00082


Decided on January 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 7, 2020

Friedman, J.P., Webber, Singh, Moulton, JJ.


10705 161750/15

[*1] Jose M. Saavedra, Plaintiff-Respondent,
v
111 John Realty Corp., et al., Defendants-Appellants.
111 John Realty Corp., et al., Third-Party Plaintiffs-Respondents-Appellants,
v
The Daniel Mathews Group, Ltd., Third-Party Defendant, The Daniel Mathews Group USA, Inc., Third-Party Defendant-Appellant-Respondent.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Lauren V. Lieberman of counsel), for appellants/respondents-appellants.
Lewis Johs Avallone Aviles, LLP, Islandia (Amy E. Bedell of counsel), for appellant-respondent.
The Oshman Mirisola Law Group, PLLC, New York (David L. Kremen of counsel), for respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered December 3, 2018, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim, denied defendants/third-party plaintiffs 111 John Realty Corp. (111 John) and Braun Management, Inc.'s (Braun) motion for summary judgment on their third-party claim for contractual indemnification, and denied third-party defendant The Daniel Mathews Group USA, Inc.'s (DMGU) motion for summary judgment dismissing the third-party complaint, unanimously affirmed, without costs.
Plaintiff established a prima facie case of a Labor Law § 240(1) violation with undisputed evidence that his accident occurred when the scaffold on which he was working collapsed (Noah v 270 Lafayette Assoc., 233 AD2d 108, 108 [1st Dept 1996]). In opposition, defendants failed to raise an issue of fact as to whether plaintiff was the sole proximate cause of his accident, because, even if, as they contend, plaintiff was instructed not to use scaffolds belonging to other trades working at the site of his accident, "an instruction to avoid an unsafe practice is not a sufficient substitute for providing a worker with a safety device to allow him to complete his work safely" (Vasquez v Cohen Bros. Realty Corp., 105 AD3d 595, 598 [1st Dept 2013]; see Gordon v Eastern Ry. Supply, 82 NY2d 555, 563 [1993]).
Summary resolution of 111 John and Braun's indemnification claim against DMGU is precluded by the ambiguity in the 2015 agreement between Braun and DMGU (see Podhaskie v Seventh Chelsea Assoc., 3 AD3d 361, 362 [1st Dept 2004]; Hudson-Port Ewen Assoc. v Chien Kuo, 165 AD2d 301, 303 [3d Dept 1991], affd 78 NY2d 944 [1991]; see also Eldoh v Astoria Generating Co., LP, 57 AD3d 603, 604 [2d Dept 2008]) and the existence of other issues of fact. The ambiguity in the 2015 agreement arises from the fact that both parties are referred to as the "Contractor" at different places in the agreement. At issue is also the legal existence of third-[*2]party defendant The Daniel Mathews Group, Ltd. (DMGL), with whom Braun purportedly entered into an indemnification agreement in 2011, whether DMGU ever assumed DMGL's rights and responsibilities under the 2011 agreement, and the circumstances surrounding Braun and DMGU's entry into the 2015 agreement.
We have considered the parties' remaining arguments for affirmative relief and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 7, 2020
CLERK