Hasenzahl v 44th St. Dev. LLC (2022 NY Slip Op 02063)





Hasenzahl v 44th St. Dev. LLC


2022 NY Slip Op 02063


Decided on March 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 24, 2022

Before: Gische, J.P., Mazzarelli, Friedman, González, Mendez, JJ. 


Index No. 161994/15, 595078/16, 595745/18 Appeal No. 15580 Case No. 2021-03635 

[*1]Chris Hasenzahl, Plaintiff,
v
44th Street Development LLC, et al., Defendants-Respondents.
44th Street Development LLC, et al., Third-Party Plaintiffs-Respondents,
v
Gateway Electric Group, LLC, Third-Party Defendant-Appellant.
Gateway Electric Group, LLC, Second Third-Party Plaintiff-Appellant,
v
Woodworks Construction Co., Inc., Second Third-Party Defendant-Respondent.


Law Offices of Kevin P. Westerman, Elmsford (Richard W. Ashnault of counsel), for appellant.
Ropers, Majeski, Kohn & Bentley, New York (Douglas H. Miller of counsel), for respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about May 27, 2020, which, to the extent appealed from as limited by the briefs, granted defendants/third-party plaintiffs 44th Street Development LLC and Gotham Construction Company, LLC and second third-party defendant Woodworks Construction Co., Inc.'s motion to sever and stay the second third-party action, and denied third-party defendant/second third-party plaintiff Gateway Electric Group, LLC's motion for summary judgment dismissing defendants' common-law indemnification and contribution claims against it, unanimously modified, on the law, to grant Gateway's motion, and otherwise affirmed, without costs.
The motion court providently exercised its discretion in severing the second third-party action from the main and third-party actions (see Luckey v City of New York, 177 AD3d 460 [1st Dept 2019]). Contrary to Gateway's argument, joint tortfeasors are not necessary parties to an action (Putvin v Buffalo Elec. Co., 5 NY2d 447, 453 [1959] ["a plaintiff . . . is free to choose his defendants"]). Gateway's and Woodworks's subcontracts with general contractor Gotham provide that they will "be jointly and severally liable to" defendants for "an Event that involves more than one subcontract to which Gotham is a party." Thus, so long as defendants prove that plaintiff's accident involved at least Gateway's subcontract, Gateway will be jointly and severally liable with all other involved subcontractors. Then, in a separate proceeding, pursuant to the parties' agreement ("Apportionment of liability among [the responsible subcontractors] shall be determined in a legal proceeding among them alone and not involving any Indemnitee."), Gateway may seek contribution and/or indemnification from any other involved subcontractor. Given the overlapping issues and common questions of law and fact, and in the interests of judicial economy and orderly procedure, the court providently exercised its discretion in staying the severed action until it orders, or the parties stipulate, that the stay be lifted (see Belopolsky v Renew Data Corp., 41 AD3d 322 [1st Dept 2007]).
Defendants' third-party common-law indemnification and contribution claims against Gateway, plaintiff's employer, should be dismissed, since plaintiff did not sustain a grave injury (see Workers' Compensation Law § 11; Tonking v Port Auth. of N.Y. & N.J., 3 NY3d 486, 490 [2004]; Granite State Ins. Co. v Moklam Enters., Inc., 193 AD3d 616 [1st Dept 2021]).
We have considered Gateway's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 24, 2022