Cooper v Bldg 7th St. LLC (2024 NY Slip Op 05047)

Cooper v Bldg 7th St. LLC

2024 NY Slip Op 05047

Decided on October 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 15, 2024

Before: Singh, J.P., Gesmer, González, Mendez, Rodriguez, JJ. 

Index No. 153479/18, 595699/18 Appeal No. 2791 Case No. 2023-05055 

[*1]Dwayne Cooper, Plaintiff,
v
Bldg 7th Street LLC et al., Defendants-Appellants.

Bldg 7th Street LLC et al., Third-Party Plaintiffs-Appellants,
v
All Boro Tank Testing, LLC, Third-Party Defendant, Global Pest Control, LLC, Third-Party Defendant-Respondent.

Perry, Van Etten, Rozanski & Kutner, LLP, New York (Jessica J. Beauvais of counsel), for appellants.
Morrison Mahoney LLP, New York (Laura R. McKenzie of counsel), for respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about October 4, 2023, which, to the extent appealed from as limited by the briefs, denied so much of the motion of defendants/third-party plaintiffs BLDG 7th Street, LLC, East 7th Street Ventures LLC and BLDG Management Co., Inc. (collectively BLDG) as was for summary judgment on its third-party claims against third-party defendant Global Pest Control, LLC (Global), and granted Global's cross-motion for summary judgment dismissing the third-party complaint as against it, unanimously modified, on the law, to deny that branch of Global's cross-motion for summary judgment dismissing BLDG's third-party contractual indemnification claim as against it, and otherwise affirmed, without costs.
The first sentence of Global's indemnification agreement with BLDG reads, as relevant here, "To the fullest extent permitted by law, [Global] agrees to indemnify. . . [BLDG] from any and all claims . . . related to . . . personal injuries . . . arising out of or in connection with the performance of the work of [Global] . . . ." This has a performance-of-the-work trigger, requiring Global to indemnify BLDG for accidents, like plaintiff's, occurring in the course of its work (see e.g. Estevez v SLG 100 Park LLC, 215 AD3d 566, 570 [1st Dept 2023]; Pimentel v DE Frgt. LLC, 205 AD3d 591, 593-594 [1st Dept 2022]; Vargas v 1166 LLC, 201 AD3d 614, 616 [1st Dept 2022]). However, the last sentence of the parties' indemnification agreement reads, "In the event, indemnification will be limited to any liability imposed over the above that percentage attributable to actual fault, whether by statute, by operation of law, or otherwise." This sentence is unclear and ambiguous, and we cannot discern its meeting on this record. Accordingly, issues of fact remain as to the scope of the parties' indemnification agreement, precluding summary judgment in either party's favor on BLDG's third-party contractual indemnification claim as against Global (see e.g. Saavedra v 111 John Realty Corp., 179 AD3d 442 [1st Dept 2020]; Stewart Tit. Ins. Co. v New York Tit. Research Corp., 178 AD3d 618, 619 [1st Dept 2019]).
BLDG's third-party common-law indemnification and contribution claims against Global, plaintiff's employer, were properly dismissed, since plaintiff is not alleged to have sustained a grave injury (see Workers' Compensation Law § 11; Hasenzahl v 44th St. Dev. LLC, 203 AD3d 602, 603 [1st Dept 2022]).
Furthermore, a party moving for summary judgment dismissing a breach of contract claim for failure to procure insurance meets its prima facie burden by identifying the contract provision requiring the procurement of insurance and tendering the procured insurance policy that satisfies that requirement (see McDonnell v Sandaro Realty, Inc., 165 AD3d 1090, 1098 [2d Dept 2018]; cf. Benedetto v Hyatt Corp., 203 AD3d 505, 506 [1st Dept 2022]). Global did so here by submitting, in support of its cross-motion, the declarations [*2]page of its insurance policy identifying policy limits equal to or in excess of those required by its contract with BLDG, which contract BLDG had submitted in support of its motion. In opposition to Global's prima facie showing, BLDG failed to raise an issue of fact, which it could have done "by submitting, for example, . . . correspondence from [Global's] insurer . . . indicating that [BLDG] was not named as an insured on any policies issued" (Dorset v 285 Madison Owner LLC, 214 AD3d 402, 404 [1st Dept 2023]). Instead, its conclusory argument that it was not named as an additional insured on Global's policy is belied by that part of the declarations page which includes, as additional insureds, organizations to whom Global is "obligated by written contract to provide insurance . . . ." Accordingly, BLDG's third-party breach of contract claim for failure to procure insurance was properly dismissed as against Global.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2024