Kirby v David Fabricators of N.Y., Inc. (2025 NY Slip Op 01293)

Kirby v David Fabricators of N.Y., Inc.

2025 NY Slip Op 01293

Decided on March 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 06, 2025

Before: Kern, J.P., Mendez, Rodriguez, Pitt-Burke, Higgitt, JJ. 

Index No. 190055/22|Appeal No. 3831|Case No. 2024-00594|

[*1]David R. Kirby, Plaintiff-Respondent,
v
David Fabricators of N.Y., Inc., Defendant-Appellant.

The Cook Group, PLLC, New York (Alysa B. Koloms of counsel), for appellant.
Maune Raichle Hartley French & Mudd, LLC, New York (Joshua E. McMahon of counsel), for respondent.

Order, Supreme Court, New York County (Adam Silvera, J.), entered on or about January 10, 2024, which denied defendant's motion to dismiss the complaint, unanimously affirmed, without costs.
In this asbestos action, plaintiff, who worked as a cook in pizza restaurants from the 1960s to the 1980s, alleges that he contracted mesothelioma as a result of his exposure to asbestos emanating from transite stone boards supplied by defendant and associated with pizza ovens manufactured by nonparty Bakers Pride Oven Company, LLC. Plaintiff previously brought an action against Bakers Pride in Illinois that was dismissed with prejudice after the parties entered into a settlement agreement. Defendant moved to dismiss this action pursuant to CPLR 3211(a)(5) on the ground that it is barred by res judicata and pursuant to CPLR 1001 and 1003 on the ground that Bakers Pride is a necessary party that cannot be joined because of the settlement of the Illinois action.
A dismissal with prejudice or an order of discontinuance effectuating a settlement is generally afforded res judicata effect (see Matter of People v Applied Card Sys., Inc., 11 NY3d 105, 122 [2008], cert denied 555 US 1136 [2009]). However, the doctrine of res judicata does not bar plaintiff from bringing this action against defendant because defendant was neither a party to the Illinois action nor in privity with Bakers Pride, an alleged joint tortfeasor (see Rojas v Romanoff, 186 AD3d 103, 108 [1st Dept 2020]; Blue Sky, LLC v Jerry's Self Stor., LLC, 145 AD3d 945, 947 [2d Dept 2016]). Defendant's suggestion that there may be an indemnification relationship between defendant and Bakers Pride does not satisfy its burden of demonstrating privity (see Sunoco, Inc. v Home Ins. Co., 300 AD2d 19, 20 [1st Dept 2002]).
The court also properly rejected defendant's argument that Bakers Pride is a necessary party under CPLR 1001(a). It is well settled that "joint tortfeasors are not necessary parties to an action" (Hasenzahl v 44th St. Devel. LLC, 203 AD3d 602, 603 [1st Dept 2022]; see Amsellem v Host Marriott Corp., 280 AD2d 357, 360 [1st Dept 2001]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 6, 2025